FILED

2021 Nov-08  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **BOBBY SINGLETON, RODGER SMITHERMAN, EDDIE BILLINGSLEY, LEONETTE W. SLAY, DARRYL ANDREWS, and ANDREW WALKER,** | ) ) ) ) ) |  |
|  | ) | **NO. 2:21-CV-01291-AMM** |
| **Plaintiffs,** | ) |  |
|  | ) | **THREE-JUDGE COURT** |
| **v.** | ) |  |
|  | ) |  |
| **JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,** | ) ) |  |
|  |  |  |
| **Defendant.** |  |  |

## JOINT PROPOSED SCHEDULING ORDER

Pursuant to this Court's order entered November 5, 2021, Doc. 20, the parties jointly herewith propose the following scheduling order (Plaintiffs and Defendant note that they are aware that certain members of the Alabama Legislature intend to file a motion to intervene as additional Defendants, and counsel for the proposed intervenors participated in these discussions):

1. The parties disagree on the date by which the parties can be ready for trial on the merits.

    Plaintiffs' position: Week of December 13, 2021.

Defendant's position: As discussed more fully below in Section 10, Defendant contends that Plaintiffs' proposed schedule is unfair and that the case will not be ready for trial until November 2022 at the earliest.

2. Defendant and Defendant-Intervenors shall file answers to the Amended Complaint no later than November 22, 2021.

3. Plaintiffs' positions on discovery deadlines:

   Discovery can commence immediately.

   Responses to written discovery shall be electronically delivered 11 calendar days after service.

   If Defendant intends to use experts, Plaintiffs propose the following dates for expert discovery:

   Expert discovery is limited to expert reports; expert reports are due by November 22, 2021.

   Any responding expert reports are due December 1, 2021.

4. Defendant's positions on discovery deadlines:

   Discovery should not begin until the Court resolves whether other challenges to Alabama's Congressional districts will be heard with this case. As is common in redistricting challenges, *see infra* Section 10, at least 6 to 8 months should be allowed for discovery.

5. For a December trial date, Plaintiffs plan to take the depositions of the Reapportionment Committee's map drawer, Randy Hinaman, and co-Chairs Senator Jim McClendon and Representative Chris Pringle.

For a December trial date, limited additional depositions might be taken by Plaintiffs only if the timing, process, drafting participants, design and purposes of the Congressional redistricting plan in Ala. Act No. 2021-555 remain unclear, or if the reasons for rejection of Plaintiffs' whole county plans remain unclear.

6.  Defendant and Defendants-Intervenors plan to depose the Plaintiffs, any expert identified by the Plaintiffs, and there will almost certainly be other individuals s who are not now known to Defendant and Defendant-Intervenors who they will want to depose.

7.  Plaintiffs propose that the parties will stipulate to the following as evidence:

> All maps and statistics of Congressional redistricting plans introduced in the Legislature;
>
> All maps and statistics referred to in the amended complaint;
>
> All general election returns for statewide federal or state offices since 2010;
>
> The record in *Chestnut v. Merrill*;
>
> Transcripts of public hearings held by the Reapportionment Committee, Committee meetings and House and Senate proceedings at which Congressional redistricting was considered.

> Defendant agrees that the parties should stipulate to as much as possible and that matters such as maps and plan statistics should be part of that agreement. However, a final decision on stipulations should not come until it is known whether other cases will be heard with this one, so that those parties have an opportunity to participate in the discussion.

8. Plaintiffs' position is that

      All pretrial motions should be filed by December 3, 2021,

      Responses to pretrial motions by December 8, 2021,

      Trial exhibit and witness lists by December 3, 2021, and

      Any objections to exhibits or witnesses by December 8, 2021.

9. Defendant's position is that once it is resolved whether other cases will be heard with this one, the Court should order the parties to conduct another scheduling conference to discuss a more conventional schedule, with approximately an eight-month discovery period leading to trial in late 2022.

10. Defendant's objection to expedited schedule and statement concerning *Caster v. Merrill*:

Defendant objects to Plaintiff's proposed expedited schedule. Defendant recognizes that a District Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). However, "[t]he broad discretion of the district court to manage its affairs is governed, of course, by the most fundamental safeguard of fairness: the Due Process Clause of the Fifth Amendment." *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1151 (11th Cir. 2006). Defendant believes that a schedule requiring him to fully litigate

this case to a final judgment in only six weeks after the challenged plan was passed into law would be an abuse of discretion and a violation of Due Process.

Plaintiffs' proposed schedule would not give Defendant a fair opportunity to investigate Plaintiffs' claims and prepare its defense. Defendant will wish to present testimony by at least two experts, including a demographer and a political scientist. Defendant is entitled to depose the Plaintiffs, other fact witnesses, and any expert retained by the Plaintiffs. Defendant will likely wish to take other discovery as well, but to be frank, he has known of Plaintiffs' intentional discrimination claim less than a week and does not yet know everything he will want to present to the Court in a final hearing on the merits. Plaintiffs will undoubtedly want to take discovery as well, and it simply isn't realistic that all this can take place in a month.

Further, as this Court noted (doc. 22), there is another challenge to Alabama's congressional districts pending in the Middle District, *Caster v. Merrill*, case no. 2021-cv-00751-WKW (M.D. Ala). The *Caster* Plaintiffs seek relief that is incompatible with the relief sought by the Plaintiffs in this case ("the *Singleton* Plaintiffs"). While the *Singleton* Plaintiffs contend that "the Voting Rights Act no longer requires maintenance of a majority-black Congressional District in Alabama," Doc. 15 ¶ 2, the *Caster* Plaintiffs argue that Section 2 requires Alabama to draw *two* congressional districts in which black voters are a majority of the voting age population. The *Singleton* Plaintiffs argue that county-splitting must end, the

5

*Caster* Plaintiffs seek relief that requires county-splitting. Thus, if the *Singleton* Plaintiffs get the relief they seek, the *Caster* Plaintiffs' claims should fail, and *vice-versa*. If Plaintiffs in both cases prevail, Defendant will be subject to inconsistent adjudications and could not possibly comply with both injunctions. The two cases should be heard together, in the interest of efficiency and to protect the rights of all parties; otherwise, the two courts will face what has already begun, a mad race to judgment by competing sets of plaintiffs seeking to get their preferred relief. Defendant is exploring ways to ask that the cases be heard together (this Court has the first-filed case and, as a three-judge court, is the only one of the two which can hear both cases). Defendant expects to file an appropriate motion this week. If the cases are joined, the *Caster* Plaintiffs and their counsel should of course be heard on the appropriate schedule.

Defendant notes that on November 8, 2021, Judge Watkins entered an order in *Caster* requiring the parties to show cause by November 15, 2021, why he should not transfer that case to the Northern District to be joined with this action.

Defendant contends that the case requires a more conventional schedule, with a discovery period of approximately eight months and a trial in late 2022 or early 2023. Such a case would be in line with similar cases, such as *Chestnut v. Merrill*, case no. 2:18-CV-907 (N.D. Ala.) (case filed June 3, 2018; doc. 49 setting a discovery cutoff of July 1, 2019); *Alabama Legislative Black Caucus v. Alabama*,

case no. 2:12-CV-691 (M.D. Ala.) (case filed August, 2012; doc. 83 setting discovery cutoff of June 28, 2013; case tried August, 2013); and *Alabama NAACP v. Alabama*, case no. 2:16-CV-731 (M.D. Ala.) (case filed September 2016, doc. 55 setting 7-month discovery period).

Even with a conventional schedule, Rule 65 permits Plaintiffs to move for a preliminary injunction. Should Plaintiffs file their motion this week, Defendants should have at least four weeks to respond, considering the newness of the case and the need for expert testimony. By noting the availability of this procedure, Defendant does not waive any argument that a preliminary injunction should not issue or that it would be inequitable to drastically alter the districts so soon before candidates must qualify for election and so soon before absentee balloting begins in the primary election.

Respectfully submitted,

/s/ *Diandra "Fu" Debrosse Zimmermann*
Diandra "Fu" Debrosse Zimmermann,
Bar No. ASB-2956-N76D
DiCello Levitt Gutzler, LLC
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel: 205-855-5700
fu@dicellolevitt.com

*Counsel for Plaintiffs*

s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2100-O00W
  *Assistant Attorneys General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
(334) 353-8400 (fax)
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Secretary of State Merrill*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2021, I electronically filed the foregoing with the court's electronic system, which provides service on all counsel of Record.

<u>/s/ *Diandra "Fu" Debrosse Zimmermann*</u>
Diandra "Fu" Debrosse Zimmermann,