# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY SINGLETON, RODGER SMITHERMAN, EDDIE BILLINGSLEY, LEONETTE W. SLAY, DARRYL ANDREWS, and ANDREW WALKER,** | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | ) NO. 2:21-CV-01291-AMM<br>)<br>) THREE-JUDGE COURT |
| v. | )<br>) |
| **JOHN H. MERRILL, in his official capacity as Alabama Secretary of State,** | )<br>)<br>) |
| **Defendant.** | |

## MOTION TO INTERVENE

Senator Jim McClendon, Senate Chairman of the Permanent Legislative Committee on Reapportionment of the State of Alabama, in his official capacity, and Representative Chris Pringle, House Chairman of the Permanent Legislative Committee on Reapportionment of the State of Alabama, in his official capacity, pursuant to Rule 24, *Fed.R.Civ.P.*, move this Court for leave to intervene as defendants in this action. As grounds for this motion, Sen. McClendon and Rep. Pringle show the following:

### INTERVENORS

1. Sen. Jim McClendon is a citizen of the State of Alabama and a resident of St. Clair County, Alabama, where he is a registered voter. Sen. McClendon represents the 11th Senate District (Shelby, St. Clair, and Talladega Counties) in

the Alabama Legislature. Sen. McClendon is the Senate Chairman of the Permanent Legislative Committee on Reapportionment. After the 2010 Census, Sen. McClendon served as House Chair of the Committee.

2. Rep. Chris Pringle is a citizen of the State of Alabama and a resident of Mobile County, Alabama, where he is a registered voter. Rep. Pringle represents the 101st House District (Mobile County) in the Alabama Legislature. Rep. Pringle is the House Chairman of the Permanent Legislative Committee on Reapportionment. Sen. Pringle has previously served on the Committee.

### THE REAPPORTIONMENT COMMITTEE

3. The Alabama Legislature created the Permanent Legislative Commitment on Reapportionment ("the Reapportionment Committee") to "prepare for and develop a reapportionment plan[1] for the [State of Alabama]." Ala. Code §§ 29-2-50 to -52. The Reapportionment Committee engages in activities necessary for the "preparation and formulation of a reapportionment plan" and the "readjustment or alteration of the Senate and House districts and of congressional districts of the [S]tate [of Alabama]." § 29-2-52(c). The Reapportionment Committee is authorized "to do and perform any acts that may be necessary, desirable, or proper to carry out the purposes and objectives" for which

---

[1] The term "reapportionment plan" as used in §§ 29-2-50 to -52 has without exception been interpreted by the Legislature and the State of Alabama to include redistricting. The Reapportionment Committee prepares four state-wide redistricting plans: Congressional, Alabama Senate, Alabama House, and State Board of Education.

it was created, including "request[ing] and receiv[ing] from any court … of the state … such assistance … as will enable it to properly carry out its powers and duties …." §29-2-52(e) and (h). As Chairs of the Reapportionment Committee, Sen. McClendon and Rep. Pringle oversee operation of the Legislature's Reapportionment Office. The challenged new Congressional Plan, known initially as HB1 and upon passage as Act 2021-555, was prepared in the Reapportionment Office and was approved by the Reapportionment Committee before being introduced in the Legislature.

## INTERVENTION IN THE LITIGATION

4.  Plaintiffs (hereinafter collectively, "Singleton") challenge the lawfulness and constitutionality of Act 2021-555 as a racial gerrymander and as a racially discriminatory exercise in vote dilution. *Amended Complaint, doc. 15, ¶7.*

5.  As relief, Singleton seeks, *inter alia*:

    a. an expedited trial and establishment of new Court-ordered Congressional Districts by January 28, 2022;

    b. a declaratory judgment that the Reapportionment Committee's Congressional Plan embodied in Act 2021-555 is racially gerrymandered and intentionally racially discriminatory, in violation of the Equal Protection Clause and the Voting Rights Act; and

    c. a permanent injunction forbidding implementation of the Committee's Congressional Plan.

*Id., p. 47, Prayer for Relief.* Also, Singleton asks the Court to ignore the preferences of the Legislature in creating a new Court-ordered plan. *Id.* ("This Court's plan should give no deference to the racially gerrymandered Districts."). Instead, Singleton says, the Court should draw new districts that incorporate *his* views on Alabama history and crossover voting. *Id.*

<b>LEGAL ANALYSIS AND ARGUMENT SUPPORTING INTERVENTION<br>OR PARTICIPATION BY SEN. MCCLENDON AND REP. PRINGLE IN THIS ACTION</b>

6.     Sen. McClendon and Rep. Dial (sometimes hereinafter, "the Chairmen") should be permitted to intervene in this action in their official capacities as of right under Rule 2 (a)(2), which says:

> (a) On a timely motion, the court must permit anyone to intervene who:
> …
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

7.     The Chairmen's motion is timely. The Amended Complaint, *doc. 15*, was filed on Thursday, November 4, 2021. This motion to intervene is being filed two business days later, on Monday, November 8. By any metric, this motion is timely.

8.     The Chairmen have the requisite interest. Alabama has exclusive responsibility for redistricting its Congressional and Legislative districts. *Growe v. Emison*, 507 U.S. 25, 34 (1993) (acknowledging that the federal constitution vest States with "primary responsibility for apportionment of their federal congressional and state legislative districts"). Within Alabama government, this

responsibility is the exclusive responsibility of the Legislature. And as shown, the Legislature has delegated to the Reapportionment Committee responsibility for preparing new Congressional Districts. The relief sought by Plaintinffs – enjoining use of the new State's new Congressional Districts and replacing them with Court ordered ones - would necessarily impair and impede the Chairmen's ability to protect the Reapportionment Committee's interest in conducting Congressional redistricting. It challenges the Committee's past and future redistricting efforts, and seeks to wrest from the Legislature exclusive authorship for redistricting the State's Congressional Districts.

9. No other party adequately represents the Chairmen's interest. Secretary of State Merrill is in the Executive branch of Alabama's government. He has no authority to conduct redistricting, and consequently has no experience in redistricting. His relevant duties are to administer elections. The Reapportionment Committee, not the Secretary of State, it the real party in interest in this case.

10. For these reasons, the Court should grant the Chairmen's motion for leave to intervene as of right.

11. Alternative, the Chairmen should be allowed permissive intervention. As to permissive intervention, Rule 24 says:

> (b)(1) On a timely motion, the court may permit anyone one to intervene who:
> …
> (B) has a … defense that shares with the main action a common question of law or fact.

12. The Chairman have defenses that "share[] with the main action a common question of law or fact." *Rule 24(b)(1), Fed.R.Civ.P.* In their official capacities, the Chairmen seek intervention to assert both factual and legal defenses in support of the constitutionality and lawfulness of Act 2021-555, just as defendant Secretary of State John Merrill has and intends to do.

13. Sen. McClendon and Rep. Pringle are uniquely positioned to present such legal and factual defenses because of their leadership of the Reapportionment Committee when the Congressional Plan was prepared in that office, approved by the Reapportionment Committee, and passed by the Legislature. In addition, given their leadership of the Reapportionment Committee, Sen. McClendon and Rep. Pringle would be critical players if the Court were to order remedial redistricting. Intervention by Sen. McClendon and Rep. Pringle would assure their ability to participate in all aspects of any Court-ordered, remedial redistricting.

14. Moreover, Sen. McClendon and Rep. Pringle have a significant interest[2] in defending and upholding Act 2012-555 and being involved in any Court-ordered, remedial redistricting for three important reasons.

15. First, interference by this Court with state legislative districting would "represent[] a serious intrusion on the most vital of local functions." *Miller v. Johnson,* 515 U.S. 900, 915, 115 S.Ct. 2475, 2488 (1995). The manner in which a

---

[2] While interest in the subject matter of the action is an element of intervention as of right under Rule 24(a), Fed.R.Civ.P., the interests of Sen. McClendon and Rep. Pringle in these cases provides support for their permissive intervention as well.

state legislature is districted and apportioned "is primarily the duty and responsibility of the State," *Chapman v. Meier*, 420 U.S. 1, 27, 95 S.Ct. 751, 766 (1975), and within the state, it "'is primarily a matter for legislative consideration and determination.'" *Connor v. Finch*, 431 U.S. 407, 414, 97 S.Ct. 1828, 1833 (quoting *Reynolds v. Sims*, 377 U.S. 533, 586, 84 S.Ct. 1362, 1394 (1964)) (emphasis added).

16. Second, the Alabama Legislature, and its individual members, have "a judicially cognizable interest in matters affecting its composition" and have justiciable, institutional interest in ensuring that the legislative and congressional districts in Alabama are composed in a constitutionally lawful manner. *United States House of Representatives v. United States Department of Commerce*, 11 F. Supp. 2d 76, 86-87 (D.C. 1998) (three-judge court), appeal dismissed, 119 S.Ct. 765, 779 (1998). In *House of Representatives*, the three-judge court acknowledged this very point: "[A] legislative body has a personalized and concrete interest in its composition...." Id. This is a uniquely legislative concern that diverges from the narrower interest of the other parties, who each generally wants to achieve for him, her-, or itself the "greatest possible participation in the political process." *Cleveland County Association for Government by the People v. Cleveland County Board of Commissioners*, 142 F.3d 468, 474 (D.C. Cir. 1998) (quoting *Meek v. Metropolitan Dade County*, Fla., 985 F.2d 1471, 1478 (11th Cir. 1993)).

17. Third, and finally, Sen. McClendon and Rep. Pringle have a significant interest in defending and upholding Act 2021-555 as the persons elected to hold

their respective offices. *See Johnson v. Mortham*, 915 F. Supp. 1529, 1537-38 (N.D. Fla. 1995) (three-judge court) (permitting Congresswoman to intervene under Rule 24(a) based on her "personal interest" in her office).

18.     Without intervention, Sen. McClendon and Rep. Pringle will not be able to protect their interests as Chairs of the Committee and state legislators.

19.     Based on the foregoing, Sen. McClendon and Rep. Pringle should be permitted to intervene pursuant to Rule 24(b), Fed.R.Civ.P. *See, e.g., Graham v. Thornburgh*, 207 F. Supp. 2d 1280, 1285 (D. Kan. 2002) (in action challenging the plan for apportionment of the United States congressional districts within the State of Kansas, district court permitted state legislator and Chairman of the House Redistricting Committee, who appeared "on behalf of himself as a legislator and as Chairman of the House Redistricting Committee" to intervene pursuant to Rule 24(b), Fed.R.Civ.P.); *Scott v. United States Department of Justice,* 920 F. Supp. 1248, 1250 (M.D. Fla. 1996) (granting intervention by both houses of Florida's Legislature in a legislative districting case), affirmed sub nom, *Lawyer v. Department of Justice*, 521 U.S. 567, 117 S.Ct. 2186 (1997).

20.     Moreover, allowing Sen. McClendon and Rep. Pringle to intervene in these actions would be consistent with the prior practice of this Court. In fact, a predecessor of the Committee was permitted to intervene in a voting rights case in *Sims v. Amos*, 336 F. Supp. 924, as supplemented, 340 F. Supp. 691 (M.D. Ala. 1972), affirmed, 409 U.S. 942, 93 S.Ct. 290 (1972), and in  the Chairmen were permitted to intervene in *Alabama Legislative Black Caucus v. The State of*

*Alabama* and *Newton v. The State of Alabama*. See Ex. A (order granting intervention of the then Chairs Sen. Gerald Dial and Rep. McClendon).

21. Intervention or participation by Sen. McClendon and Rep. Pringle will not unduly delay or prejudice the adjudication of the original parties' rights. See *Rule 24(b)(3), Fed.R.Civ.P.*

22. Counsel for Sen. McClendon and Rep. Pringle is authorized to represent to the Court that neither the Plaintinffs nor the Defendant objects to their intervention and participation in this case.

## CONCLUSION

Based on the foregoing, pursuant to Rule 24, *Fed.R.Civ.P.*, Sen. McClendon and Rep. Pringle request that Court grant this motion and give them leave to intervene as defendants in this action.

Respectfully submitted this eighth day of November, 2021.

*s/ Dorman Walker*

**OF COUNSEL**:

Dorman Walker (ASB-9154-R81J)
Email: dwalker@balch.com
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 834-6500

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the Court's electronic filing system, which will perfect service upon the following counsel of record:

Steve Marshall
Attorney General
James W. Davis (ASB-4063-I58J)
Deputy Attorney General
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

**Counsel for Secretary Merrill**



James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
jublacksher@gmail.com

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
myronpenn28@hotmail.com

Joe Ramon Whatley, Jr.

WHATLEY KALLAS, LLP
P.O. Box 10968
Birmingham, AL 35202
Tel.: (205) 488-1200
Fax: (800) 922-4851
jwhatley@whatleykallas.com

Diandra "Fu" Debrosse Zimmermann
Eli Hare
DICELLO LEVITT GUTZLER
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel.: (205) 855.5700
fu@dicellolevitt.com
ehare@dicellolevitt.com

**Attorneys for Plaintiffs**

                                  *s/ Dorman Walker*
                                  Of Counsel