FILED

2021 Nov-18  AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 2:21-cv-01291-AMM |
| | ) | |
| JOHN H. MERRILL, in his official | ) | **THREE-JUDGE COURT** |
| capacity as Alabama Secretary of State, | ) | |
| | ) | |
| *Defendant*. | ) | |

## <u>DEFENDANT'S MOTION TO CONSOLIDATE</u>

There are three federal-court redistricting cases pending in the Northern District of Alabama challenging the districts for Alabama's Representatives in the United States Congress. The facts underlying these cases overlap significantly and the cases present a real risk of subjecting Secretary Merrill to inconsistent obligations, as Alabama can use only one map per election. For these reasons and those that follow, the second- and third-filed actions should be consolidated into this action under Rule 42 of the Federal Rules of Civil Procedure.

Specifically, Secretary Merrill moves to consolidate the following cases with this one:

1. *Caster v. Merrill*, 2:21-cv-01536 (N.D. Ala.) (filed in M.D. Ala. on Nov. 5, 2021 and transferred on Nov. 16, 2021).
2. *Milligan v. Merrill*, 2:21-cv-01530 (N.D. Ala.) (filed Nov. 15, 2021).

## BACKGROUND

On September 27, 2021, before the Alabama Legislature adopted new electoral maps using information from the 2020 Census received in August 2021, the Plaintiffs in this action (the "*Singleton* Plaintiffs") filed suit. Doc. 1. On October 29, in response to the Court's request, a three-judge court was convened under 28 U.S.C. § 2284. Doc. 13. On November 4, 2020, the Legislature passed (and the Governor signed) electoral maps without the Court's intervention. That same day, the *Singleton* Plaintiffs filed the Amended Complaint. Doc. 15. The Amended Complaint alleges that "the Voting Rights Act no longer requires maintenance of a majority-black Congressional District in Alabama," *id.* at 2 ¶ 3, alleges violations of the U.S. Constitution in the reapportionment process, *id.* at 38-46, and asks the Court to "require implementation of a Court-ordered redistricting plan," *id.* at 47.

Also on November 4, separate plaintiffs filed a lawsuit in the Middle District of Alabama challenging Alabama's congressional map under Section 2 of the Voting Rights Act. *See Caster v. Merrill*, ECF No. 3. Contrary to the *Singleton* Plaintiffs' contention (and the Alabama Legislature's judgment), the *Caster* Plaintiffs allege that the Voting Rights Act requires that Alabama's congressional map contain *two* majority-Black districts. *Caster*, ECF No. 3 at 2 ¶ 4. On November 16, after briefing from the *Caster* Plaintiffs and Secretary Merrill, *Caster* was transferred to the Northern District of Alabama. *Caster*, ECF No. 30.

2

On November 15, 2021, a third set of plaintiffs filed suit in the Northern District of Alabama challenging Alabama's congressional map. *See Milligan v. Merrill*, ECF No. 1. The *Milligan* Plaintiffs allege violations of both the Constitution and Section 2 of the Voting Rights Act. *Milligan*, ECF No. 1 at 1-2 ¶ 2. The next day, the court ordered the parties to file briefs about (1) whether a three-judge court has jurisdiction to hear both the constitutional claims and Voting Rights Act claims in the action; and (2) whether *Milligan* should be consolidated with this case. *Milligan*, ECF No. 2. The parties must file responses to that order by today, November 18, at 12:00 PM.

Earlier today, Secretary Merrill separately moved under Rule 19 to join the *Caster* Plaintiffs as parties in both this case (Doc. 33), and later today, Secretary Merrill will file a similar motion in *Milligan*. If the *Caster* Plaintiffs are joined as parties in one or both actions, the three-judge court can exercise supplemental jurisdiction over the *Caster* Plaintiffs' claims and enter judgment on those claims as a three-judge court. If these cases are only consolidated, at a minimum, Judge Manasco can decide the *Caster* Plaintiffs' claims, though the better course would be for the three-judge court to rule, for a three-judge district court is still a district court that maintains its authority to decide federal questions. *See* 28 U.S.C. § 1331. In either event, consolidation would at a minimum ensure that the presiding judge can coordinate and conduct a significant portion of all proceedings in each case.

## **ARGUMENT**

This Court should consolidate *Caster* and *Milligan* with this this case under Rule 42 of the Federal Rules of Civil Procedure. Under Rule 42, a district court may consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation and citation omitted). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

"A district court's decision under Rule 42(a) is purely discretionary." *Hendrix*, 77 F.2d at 1495. A decision to consolidate actions does not require the consent of all parties. *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). In exercising its discretion on whether to consolidate, a court considers the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the

relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quotation omitted and alterations incorporated). "A joint trial is appropriate when there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted and alteration adopted). These factors overwhelmingly favor consolidation of the three cases here.

*First*, there is "substantial overlap" in the facts, evidence, and witnesses required to decide each case. *Id.* Secretary Merrill anticipates relying on at least two of the same experts (a demographer and a political scientist) and putting forth similar evidence (e.g., the communities of interest that each congressional district serves) to defend against claims based on either the Constitution or the Voting Rights Act. As the Middle District of Alabama concluded about the *Caster* case and this one before transferring *Caster* to this Court, "the underlying facts of both lawsuits, as well as the functional arguments, appear to be almost identical." *Caster*, Order (ECF 7 at 2). The same is true for the *Mulligan* action, for each of the three actions involves the exact same map—the one passed by the Alabama Legislature in Alabama Act 2021-555. The facts and evidence related to the map's passage is common to each action, and there is no reason for all this evidence to be heard three times in three separate cases.

5

*Second*, consolidation of these cases would make these proceedings much less burdensome for the parties and for the Court. Each case requires numerous expert and fact witnesses, many of whom will testify in a deposition and again before the court at trial (and/or at a preliminary injunction hearing). Upon consolidation, one court could consider all this evidence and make evidentiary rulings that apply to all parties upon hearing argument from all parties. Having three courts consider evidence and related argument numerous times—possibly at three separate preliminary-injunction hearings and three separate trials—would be a waste of resources for the Court and for the parties.

*Third*, consolidation would prevent confusion and ameliorate the risk of inconsistent obligations and adjudications. Each set of plaintiffs asks for a court-ordered map. Of course, the State can have only one congressional map. By having these actions proceed separately, Secretary Merrill is at greater risk of being subject to inconsistent injunctions. And apart from the possibility of inconsistent injunctions, consolidating these cases would eliminate the risk of other inconsistent adjudications, such as rulings related to discovery. For example, if one court sustained a privilege objection while another overruled the same objection, the disclosure required by the second court's ruling would undermine the ruling of the first court. Consolidation would prevent this sort of inconsistent result.

6

*Fourth*, despite the *Caster* Plaintiffs' likely argument to the contrary,[1] these cases present nearly identical issues. Fundamentally, each case challenges the apportionment of Alabama's congressional districts. While an apportionment claim may be based on the Constitution or Section 2 of the Voting Rights Act (or both), these sorts of claims are "closely similar, albeit not perfectly identical, challenges to the same state government action." *Page v. Bartels*, 248 F.3d 175, 191 (3d Cir. 2001). This fundamental similarity is illustrated by the fact that each case will involve the same type of evidence, including the demographic data related to maps. *See Armour v. Ohio*, 925 F.2d 987, 988 (6th Cir. 1991) (en banc) ("The theories of liability and the proof underlying both the constitutional and statutory [redistricting] claims are intimately related.") And the legal analysis involved as to each claim will be similar, and at times identical. For example, as to each claim (constitutional and statutory), the court must determine whether Alabama's only majority-Black district is "packed" and whether a voter in the allegedly gerrymandered district can satisfy the three *Gingles* criteria. *See Thornburg v. Gingles*, 478 U.S. 30, 106 (1986).[2] And,

---

[1] *See Caster*, Plaintiffs' Response to Order to Show Cause 13-15 (Doc. 28) (Nov. 15, 2021).

[2] To be clear, this analysis would form part of Section 2 Plaintiffs' case-in-chief and could form part of Secretary Merrill's defense to a constitutional challenge. A State can defend against constitutional race-based redistricting challenges by "establish[ing] that it had 'good reasons' to think that it would transgress the [Voting Rights] Act if it did *not* draw race-based district lines." *Cooper v. Harris*, 137 S. Ct. 1455, 1464 (2017) (citation omitted).

as to remedy, each case presents the same questions about whether a court can and should order Secretary Merrill to use court-drawn maps, and if so, how it ought to do so. Considering these legal issues in one proceeding prevents both a waste of resources and the possibility of inconsistent results.

That this district court is composed of three judges instead of only one is no reason to forgo consolidation. First, as explained above, even if the *Caster* action proceeds before only one judge, there are numerous efficiencies gained by consolidation, for even in the three-judge actions, "[a] single judge may conduct all proceedings except the trial, and enter all orders permitted by the rules of civil procedure except as provided in this subsection." 28 U.S.C. § 2284(b)(3). And, second, the three-judge district court can hear the entirety of the *Caster* action because this Court is still a district court with jurisdiction to hear the claims under its standard subject-matter jurisdiction. *See* 28 U.S.C. § 1331. Though composed of three members, a "three-judge district court is still a district court within the ordinary hierarchical structure of the federal judiciary." *Ala. Legis. Black Caucus v. Alabama*, 988 F. Supp. 2d 1285, 1306 (M.D. Ala. 2013) (three-judge court) (W. Pryor, J.); *see Jacobs v. Tawes*, 250 F.2d 611, 614 (4th Cir. 1957) ("The court of three judges is not a different court from the District Court, but is the District Court composed of two additional judges sitting with the single District Judge before whom the application for injunction has been made."). Thus, while claims that Section 2284

8

requires to be decided by three judges cannot be decided by a single judge, *see Shapiro v. McManus*, 577 U.S. 39, 43 (2015), it does not follow that claims that do *not* require three judges cannot be decided by such a district court.

A Section 2 claim, which arises under the laws of the United States, is plainly a claim that a federal district court can hear under 28 U.S.C. § 1331. That explains why the Supreme Court does not vacate decisions by three-judge courts that a single-judge court could have adjudicated; the Court simply sends those appeals to the courts of appeals for intermediate appellate review. *See Ala. Legis. Black Caucus*, 988 F. Supp. 2d at 1306 (noting that "the Court has required appellate review of those decisions by the circuit courts in which those three-judge district courts were convened"); *see also Pub. Serv. Comm'n of Mo. v. Brashear Freight Lines*, 312 U.S. 621, 626 (1941) ("But the fact that it was mistakenly assumed that the motion should be passed upon by the district judge in association with the two judges previously called did not of itself invalidate the District Court's judgment dismissing the motion."); *see generally* Lawrence Gebhardt, *Pendent Claims in Three Judge Court Litigation*, 30 WASH. & LEE L. REV. 487 (1973) ("If a pendent claim is not properly before the three judge court, a decision on that claim is still as valid as a decision by the single judge court before which it should be heard.") (collecting cases).

\*       \*       \*

These cases should be consolidated here because this is the first-filed action.

*See Moore v. MidFirst Bank*, No. 5:18-MC-01414-MHH, 2019 WL 539041, at \*2

(N.D. Ala. Feb. 11, 2019) ("As a matter of settled practice, when parties ask to

consolidate related cases in this district, the cases typically are consolidated by and

before the judge presiding over the first-filed case.").

## **CONCLUSION**

Defendant respectfully requests that the Court grant the Motion to Consolidate.

Respectfully submitted,

Steve Marshall
   *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
   *Solicitor General*

James W. Davis (ASB-4063-I58J)
   *Deputy Attorney General*

/s A. Reid Harris
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
   *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300

Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov

***Counsel for Secretary Merrill***

## CERTIFICATE OF SERVICE

I certify that on November 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record in this case. On this date, I have also sent a copy of this filing to counsel of record for the *Caster* Plaintiffs and the *Milligan* Plaintiffs at the following email addresses:

Richard P. Rouco
Quinn, Connor, Weaver, Davies & Rouco LLP
Two North Twentieth 2-20th Street North, Suite 930
Birmingham, AL 35203
Phone: (205) 870-9989
Email: rrouco@qcwdr.com

Aria C. Branch*
Lalitha D. Madduri*
Joseph N. Posimato*
Elias Law Group LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4518
Email: ABranch@elias.law
Email: LMadduri@elias.law
Email: JPosimato@elias.law

Abha Khanna*
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177
Email: AKhanna@elias.law

Deuel Ross
NAACP Legal Defense & Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
dross@naacpldf.org

Leah Aden
Stuart Naifeh
Kathryn Sadasivan
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org

Shelita M. Stewart
Jessica L. Ellsworth
Hogan Lovells US LLP
555 Thirteenth St., NW
Washington, D.C. 20004
(202) 637-5600
Shelita.stewart@hoganlovells.com

Sidney M. Jackson
Nicki Lawsen
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Phone: (205) 341-0498
Fax: (205) 254-1500
sjackson@wigginschilds.com
nlawsen@wigginschilds.com

Davin M. Rosborough
Julie Ebenstein
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
jebenstein@aclu.org

Latisha Gotell Faulks
Kaitlin Welborn
American Civil Liberties Union of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179
(334) 265-2754
tgfaulks@aclualabama.org
kwelborn@aclualabama.org

David Dunn
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
David.dunn@hoganlovells.com

Michael Turill
Harmony A. Gbe
Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
(310) 785-4600
Michael.turrill@hoganlovells.com
Harmony.gbe@hoganlovells.com

Blayne R. Thompson
Hogan Lovells US LLP
609 Main St., Suite 4200
Houston, TX 77002
(713) 632-1400
Blayne.thompson@hoganlovells.com

Janette Louard
Anthony Ashton
Anna Kathyrn Barnes
National Association for the Advancement of Colored People (NAACP)
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

s/ A. Reid Harris
*Counsel for Secretary of State Merrill*