IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-01291-AMM |
| ) | |
| JOHN MERRILL, in his official capacity ) | THREE-JUDGE COURT |
| as Alabama Secretary of State, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PARTIES' STATUS REPORT

The parties jointly submit the following status report in response to this Court's order (doc. 40), where this Court asked the parties to address (1) their positions on consolidation, (2) their positions on the schedule for preliminary injunction proceedings, and (3) their views on how long they believed a preliminary injunction would last:

**Position of the Plaintiffs:**

1. The *Singleton* Plaintiffs believe there is a serious question whether this three-judge court has subject matter jurisdiction to consolidate this case with either *Caster* or *Milligan*. The briefs filed by the *Caster* plaintiffs in the Middle District demonstrate this statutory problem. The *Singleton* Plaintiffs are concerned that any relief they might obtain in this action could be infected with a jurisdictional defect that potentially could require vacation of that relief. Therefore, the

*Singleton* Plaintiffs oppose consolidation of their action with either *Caster* or *Milligan*.

However, the Singleton Plaintiffs understand this Court's need to manage what has become a complicated and time-constrained procedural situation. Therefore, if the cases are consolidated, as the Court has suggested, "for the purpose of conducting all preliminary injunction proceedings, including discovery and hearings in connection with any request(s) in those cases for preliminary injunctive relief," Doc. 31 at 2, we urge the Court to limit consolidation to those purposes and not to allow the *Caster* and *Milligan* plaintiffs to become parties in *Singleton*. That limited consolidation should reduce, if not eliminate, the risk of any subsequent jurisdictional challenge.

2. The *Singleton* Plaintiffs urge this Court not to make any adjustments to the scheduling order it has already entered. Doc. 29. Further delays could be highly prejudicial to the *Singleton* Plaintiffs, who filed their action on September 27, 2021, and have acted diligently to file their motion for preliminary injunction in accordance with the scheduling order. The Defendants have put all Plaintiffs on notice that the Defendants will argue that having a preliminary injunction hearing date later than the one scheduled will tilt the equities in favor of opposing relief. While the *Singleton* Plaintiffs disagree with the Defendants' position, that position

is one of the factors that weighs against delaying the hearing date.

3. The *Singleton* Plaintiffs expect that a hearing on their motion for preliminary injunction, which focuses solely on their Count I racial gerrymandering claim, should be completed in one day. The facts related to Count I are largely undisputed, and the issues are straightforward. Most of the evidence will be maps and data that are public records the parties should agree to. Nor should it be necessary to hear live testimony if the parties agree to introduce in evidence the depositions of map drawers and experts.

**Position of the Defendants:**

Counsel for Secretary of State John Merrill and counsel for Senator McClendon and Representative Pringle have consulted and jointly submit this same statement in the three cases involving a challenge to Alabama's Congressional districts. The *Singleton* Plaintiffs have filed their motion for preliminary injunction, and we understand that the Plaintiffs in *Milligan* and *Caster* each intend to file their own motion for preliminary injunction. Defendants contend that it is critical that the three motions travel on the same schedule and be heard together, and that this compressed pre-preliminary-injunction discovery process be carefully managed, in

order for Defendants to have a fair opportunity to present their arguments in opposition.

1. As evident from Defendants' filings on November 18, 2021, Defendants believe that *Caster* and *Milligan* can, and should, be consolidated with *Singleton*. Defendants rely on the arguments and authorities presented in their response to the Court's show-cause order in *Milligan* (doc. 17), their motion to dismiss or join necessary parties in *Singleton* (doc. 33), and their motion to consolidate in *Singleton* (doc. 36). While we understand the *Milligan* Plaintiffs to favor consolidation only for purposes of all or part of the preliminary injunction proceedings, Defendants contend that the cases should be consolidated for the entirety of the litigation.

A district court of three judges in the Western District of Texas took precisely this action on November 19, 2021, consolidating multiple redistricting actions even though at least one action involved plaintiffs who pleaded solely a violation of the VRA. *See LULAC v. Abbott*, 1:21-cv-00965 (W.D. Tex) (Doc. 22). The plaintiffs who had filed the action *Voto Latino v. Scott* argued that their action involved only "a purely *statutory* challenge" to Texas's maps, *see LULAC*, Doc. 14 at 1, but the district court determined that consolidation was proper and that "the three-judge panel … will decide all matters." *LULAC*, Doc. 22 at 8. (It further appears that the Plaintiffs in *Voto Latino* have asked for reconsideration of an order for the convening

4

of a three-judge court to hear the Section 2 claim, *see Voto Latino*, Doc. 14 (Nov. 14, 2021).

2. Concerning the schedule, any schedule aiming toward a hearing in January will of course be difficult for all parties, as well as the Court. Of the schedules discussed, Defendants favor the schedule proposed by the *Milligan* Plaintiffs in their response to the Court's show-cause order (*Milligan* doc. 18 at page 6).[1] Defendants note that the *Milligan* Plaintiffs request a hearing for the week of January 10, and understand that the *Caster* Plaintiffs request a hearing the week of January 17. Defendants assert no preference between the two. Defendants do not object to the later date, but note that they intend to argue that the equities do not favor entering a preliminary injunction even today, because of the closeness to the election, and that the equities tilt further in Defendants' favor as more time passes.

For any schedule to work, however, there should be some limits on discovery. With three different sets of Plaintiffs potentially seeking discovery in the tight window when Defendants need to be drafting their opposition and making their own record, Defendants could quickly get overwhelmed. It would be unduly burdensome, for instance, for Defendants to respond to three sets of multiple requests for

---

[1] The *Milligan* Plaintiffs request that the parties exchange expert reports on December 10; discovery end on December 17; motions for preliminary injunction filed on December 15; objections to the motions on December 22; pretrial report with stipulated facts, witness lists, and exhibit lists on December 23; and a hearing date on January 10.

production, while preparing multiple witnesses for deposition and defending their depositions, all while preparing oppositions to Plaintiffs' motions. Moreover, many (if not most) preliminary injunction motions are heard before there is any discovery.

There may be many different ways to take care of this concern. For example, there could be strict limits to depositions and written discovery requests, or an understanding that there will be strict two-hour time limits on depositions, or no depositions except where a party does not intend to call the witness to testify live at the preliminary injunction hearing. Or, because it will simply not be possible for Defendants to depose all the experts the different groups of Plaintiffs will likely present on multiple topics, perhaps we could agree that no experts will be deposed before the hearing, but that they will be made available for cross-examination at the hearing (so that no party is disadvantaged). Instead of making a specific suggestion, Defendants request the opportunity to discuss this concern with the Court at the upcoming conference to see if the Court has a preference for the best way to balance the need to gather information and build a record against the interest of ensuring that all parties have a fair opportunity to present their case.

3.    Defendants believe that it will take at least three days for all three preliminary injunction motions to be heard.

Respectfully submitted,

Steve Marshall
*Attorney General*

/s/ James W. Davis
Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*
James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*
A. Reid Harris (ASB-1624-D29X)
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama  36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
**Counsel for Secretary Merrill**

/s/ Dorman Walker
Dorman Walker (ASB-9154-R81J)
Email: dwalker@balch.com
BALCH & BINGHAM LLP
Post Office Box 78 (36101)
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104
Telephone: (334) 834-6500

**Counsel for Senator Jim McClendon and Representative Chris Pringle**

7

## CERTIFICATE OF SERVICE

I certify that on November 19, 2021, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will perfect service to all counsel of record.

s/ James W. Davis
*Counsel for Secretary of State Merrill*
