# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**BOBBY SINGLETON, et al.,**

    **Plaintiffs,**

v.

**JOHN H. MERRILL, in his official capacity as Alabama Secretary of State, et al.,**

    **Defendants.**

**Case No.: 2:21-cv-01291-AMM**

**Three-Judge Court**

# PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 12(B)(7) MOTION TO DISMISS OR JOIN NECESSARY PARTIES (ECF NO. 33) AND MOTION TO CONSOLIDATE (ECF NO. 36)

## I. The Court Should Hold a Consolidated Preliminary Injunction Hearing in Early January.

The *Singleton* Plaintiffs do not oppose the consolidation of their case with the *Caster* and *Milligan* actions for the limited purpose the Court has proposed: "conducting all preliminary injunction proceedings, including discovery and hearings in connection with any request(s) in those cases for preliminary injunctive relief." Order of November 18, 2021 (ECF No. 40) at 2. Conducting a single hearing on the motions for preliminary injunctions will eliminate the risk that the *Singleton* Plaintiffs will obtain relief incompatible with relief granted in *Caster* and *Milligan*; the same three judges are presiding over *Singleton* and *Milligan*, and one of those judges is presiding over *Caster*.

Nevertheless, this limited consolidation should not be done in a way that would prejudice the *Singleton* Plaintiffs' pursuit of a preliminary injunction, and thus the hearing dated should not be moved, or should be moved as little as necessary. The *Singleton* action was filed promptly when new census data were released, so that a three-judge panel was already in place when the Alabama Legislature considered new maps. When a new map was adopted, the *Singleton* Plaintiffs amended their complaint within hours. Given this unquestionable diligence, it would be ironic if the arrival of other plaintiffs, all of whom agree with the *Singleton* Plaintiffs that the State has violated the law, undermined the ability of any plaintiff to obtain relief.

1

In light of recent discussions among the parties to all three cases, it would still be realistic to hold a hearing on January 4. The *Milligan* Plaintiffs have proposed a schedule in which discovery would be complete on December 17 (the same day as in *Singleton*), and all briefing on the preliminary injunction motion would be complete by December 27. Plaintiffs' Positions on Jurisdiction and Consolidation (ECF No. 18) at 6, *Milligan v. Merrill*, No. 21-cv-1530-AMM (N.D. Ala.). The *Singleton* Plaintiffs see no reason that *Caster* could not proceed on a similar schedule. Therefore, all parties should be able to be ready for the hearing on January 4 as originally scheduled.

## II.   The Cases Should Not Be Fully Consolidated at This Time.

Because all three cases can proceed with one preliminary injunction hearing, full consolidation is unwarranted, at least for now. Secretary Merrill has asked the Court to dismiss the *Singleton* action or join necessary parties (ECF No. 33), and to consolidate the three actions (ECF No. 36). Both motions depend on the possibility that Secretary Merrill could be required to comply with incompatible injunctions. ECF No. 33 at 16; ECF No. 36 at 1. That possibility is no longer realistic. Moreover, the limited consolidation the Court has proposed is explicitly contemplated by Federal Rule of Civil Procedure 42, which gives a court the option to "join for hearing or trial any or all matters at issue in the actions" when

those actions "involve a common question of law or fact." In other words, full consolidation is not required.

Fully consolidating the three actions also creates a risk that the three-judge court will exceed its jurisdiction. As the *Caster* Plaintiffs have explained, a three-judge district court's jurisdiction is narrowly construed. Plaintiffs' Response to Order to Show Cause (ECF No. 28) at 7–8, *Caster v. Merrill*, No. 21-cv-1536-AMM (N.D. Ala.). While a three-judge court may have supplemental jurisdiction to consider non-constitutional claims brought in an action with a constitutional claim (the *Singleton* Plaintiffs take no position on this issue), there appears to be no clear authority for consolidating an action before a three-judge district court with a separate action in which no constitutional claim is at stake. *See Chestnut v. Merrill*, 356 F. Supp. 3d 1351, 1354 (N.D. Ala. 2019) ("A claim solely alleging a Section 2 violation falls outside a plain reading of § 2284."). Secretary Merrill argues that this sort of consolidation should be permitted, but the only instance he has identified in which this has ever happened is a decision last Friday that contains no analysis of the issue and is the subject of a motion for reconsideration. ECF No. 43 at 4–5; *LULAC v. Abbott*, No. 1:21-cv-00965 (W.D. Tex) (ECF No. 22) at 7–8. If *Caster* is consolidated with the other two cases, and a decision is ultimately appealed, there is no guarantee that the decision will not be vacated due to the district court's lack of jurisdiction. Because there is no longer a real possibility of

3

inconsistent adjudications, nothing would be gained from injecting risk into the proceedings this way.

## CONCLUSION

The *Singleton* Plaintiffs do not oppose consolidation of this case with *Milligan* and *Caster* for the limited purpose of "conducting all preliminary injunction proceedings, including discovery and hearings in connection with any request(s) in those cases for preliminary injunctive relief," as long as such consolidation does not create a delay that will prejudice Alabama voters' ability to obtain preliminary injunctive relief. The Defendants' request for full consolidation is premature and unnecessary because partial consolidation will eliminate the risk of inconsistent adjudications in the preliminary injunction phase of the case. For the same reason, the Defendants' motion to dismiss or join parties is premature at best, and should be denied.

Dated: November 22, 2021               Respectfully submitted,

*/s/ James Uriah Blacksher*
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

*/s/ Joe R. Whatley, Jr.*
Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
2001 Park Place North

       1000 Park Place Tower
       Birmingham, AL 35203
       Tel: (205) 488-1200
       Fax: (800) 922-4851
       Email: jwhatley@whatleykallas.com

*/s/ Henry C. Quillen*
Henry C. Quillen
(admitted *pro hac vice)*
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

*/s/ Myron Cordell Penn*
Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

*/s/ Diandra "Fu" Debrosse Zimmmermann*
Diandra "Fu" Debrosse Zimmermann
Eli Hare
DICELLO LEVITT GUTZLER
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
       ehare@dicellolevitt.com

*Counsel for Plaintiffs*