FILED

2021 Nov-23  PM 06:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY SINGLETON**, *et al.*,    )<br>    )<br>    **Plaintiffs**,    )<br>    )<br>**v.**    )<br>    )<br>**JOHN H. MERRILL**, *in his*<br>*official capacity as Alabama* )<br>*Secretary of State*, *et al.*, )<br>    )<br>    **Defendants**.   )| **Case No.: 2:21-cv-1291-AMM**<br><br>**THREE-JUDGE COURT** |

---

| | |
|---|---|
| **EVAN MILLIGAN**, *et al.*,   )<br>    )<br>    **Plaintiffs**,   )<br>    )<br>**v.**    )<br>    )<br>**JOHN H. MERRILL**, *in his*<br>*official capacity as Secretary of* )<br>*State of Alabama*, *et al.*, )<br>    )<br>    **Defendants**.   )| **Case No.: 2:21-cv-01530-AMM**<br><br>**THREE-JUDGE COURT** |

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

## ORDER ON MOTIONS FOR CONSOLIDATION AND JOINDER, AND SCHEDULING ORDER

These cases are two of four recently filed cases currently pending in the

Northern District of Alabama that allege that Alabama's electoral maps are racially

gerrymandered in violation of the United States Constitution and/or the Voting Rights Act of 1965: *Singleton v. Merrill*, Case No. 2:21-cv-1291-AMM (challenges the congressional map on constitutional grounds only); *Milligan v. Merrill*, Case No. 2:21-cv-1530-AMM (challenges the congressional map on constitutional and statutory grounds); *Thomas v. Merrill*, Case No. 2:21-cv-1531-AMM (challenges the state legislative map on constitutional grounds only); and *Caster v. Merrill*, Case No. 2:21-cv-1536-AMM (challenges the congressional map on statutory grounds only).

*Singleton* and *Milligan* are before three-judge panels, 28 U.S.C. § 2284, that include the same three judges; *Thomas* is before a different three-judge panel, 28 U.S.C. § 2284, that includes one judge who also sits on the *Singleton* and *Milligan* panels, and two other judges; and *Caster* is before a single district judge, who also sits on all three panels.

*Singleton* and *Milligan* are before the court on two motions by the Alabama Secretary of State ("the Secretary") – a motion made in both cases to join or dismiss the *Caster* plaintiffs under Federal Rules of Civil Procedure 12(b)(7) and 19 (*Singleton* Doc. 33, *Milligan* Doc. 21); and a motion made in *Singleton* to consolidate *Singleton*, *Milligan*, and *Caster* under Rule 42 (*Singleton* Doc. 36) – and following a Rule 16 conference held on November 23, 2021 that included all parties in all three cases challenging the congressional map.

For the following reasons, the motion to consolidate is **GRANTED** insofar as *Singleton* and *Milligan* are consolidated for the limited purposes of preliminary injunction discovery and a preliminary injunction hearing; the court **RESERVES RULING** on the motion for further consolidation of *Singleton* and *Milligan*; the motion for consolidation to include *Caster* is **DENIED** at this time; the motion to join or dismiss is **DENIED** at this time; and a scheduling order is **SET**.

## I. BACKGROUND

*Singleton* presents a constitutional challenge to Alabama's 2021 Congressional redistricting plan for its seven seats in the United States House of Representatives ("the Plan"). The *Singleton* plaintiffs allege that the Plan "is racially gerrymandered, in violation of the Equal Protection Clause of the Fourteenth Amendment and Article I, § 2 of the Constitution of the United States." Doc. 15 ¶ 56. The *Singleton* plaintiffs further assert that the drafters of the Plan violated the Fourteenth and Fifteenth Amendments because they allegedly intentionally discriminated against Black voters in Alabama when they drew the Plan's Congressional districts. *Id*. ¶¶ 75-79. The *Singleton* plaintiffs request relief including "a Court-ordered redistricting plan" that "give[s] no deference to the racially gerrymandered [d]istricts." *Id*. at 47. The *Singleton* plaintiffs propose that the court remedy the racial gerrymander by ordering the State to adopt their "Whole County Plan," which does not split any of Alabama's 67 counties into multiple districts and

"increase[s] the number of Districts in which black voters would have an equal opportunity to elect candidates of their choice." *Id.* at 29-30, 46. According to the Secretary, the relief that the *Singleton* plaintiffs request would require Alabama to have no majority-Black Congressional district. Doc. 33 at 6.

On the same day that the *Singleton* plaintiffs filed their amended complaint (November 4, 2021), different plaintiffs ("the *Caster* plaintiffs") filed a lawsuit in the Middle District of Alabama that challenges the Plan under Section Two of the Voting Rights Act of 1965, 52 U.S.C. § 10301 ("Section Two"). The *Caster* plaintiffs allege that the Plan "dilutes the Black vote" in Alabama because the Plan "fail[s] to create two majority-Black [Congressional] districts." *Caster* Doc. 3 ¶¶ 1, 4. The *Caster* plaintiffs request relief including "ordering a congressional redistricting plan that includes two majority-Black congressional districts." *Id.* ¶ 5. The *Caster* action was transferred to the Northern District of Alabama on November 16, 2021.  Notably, the *Caster* plaintiffs did not challenge the Plan on constitutional grounds.

Also on November 16, 2021, the *Milligan* plaintiffs filed their lawsuit, challenging the Plan under Section Two and the Fourteenth Amendment. *Milligan* Doc. 1.  Like the *Caster* plaintiffs, the *Milligan* plaintiffs request that the court order Alabama to adopt a congressional redistricting plan that includes two majority-minority districts. *Id.* at 53.

On November 18, 2021, the Secretary filed in *Singleton* and *Milligan* motions for joinder of the *Caster* plaintiffs. *Singleton* Doc. 33; *Milligan* Doc. 21. In those motions, the Secretary asserts *inter alia*, that "[t]he relief that the *Singleton* Plaintiffs seek . . . is incompatible with the relief sought by the *Caster* Plaintiffs"; that the failure to join the parties would "creat[e] a substantial risk of subjecting Secretary Merrill to 'inconsistent obligations'"; and that "under Rule 19(a) . . . [the *Caster* plaintiffs] must be joined as parties to this action." *Singleton* Doc. 33 at 5, 16 (quoting Fed. R. Civ. P. 19(a)(1)(B)(ii)); *accord Milligan* Doc. 21. The Secretary filed a separate motion in *Singleton* for consolidation of *Singleton*, *Milligan*, and *Caster*. *Singleton* Doc. 36. In that motion, the Secretary asserts that *Caster* and *Milligan* should be consolidated with this action because they "involve a common question of law or fact." *Id*. at 4.

The *Caster* plaintiffs opposed the motion to consolidate primarily on the ground that the three-judge court convened to hear and decide *Singleton* lacks jurisdiction to hear their action, which does not assert a constitutional attack and therefore does not trigger the provisions for a three-judge court found in 28 U.S.C. § 2284 ("Section 2284"). *Caster* Doc. 38. As to the obvious issue of potentially duplicative discovery efforts in connection with three motions for preliminary injunctive relief, all of which the parties request be heard within the next 60 days,

the Caster plaintiffs stated that they are "willing to coordinate related discovery with the *Singleton* parties." *Id*. at 14 n.4.

The *Milligan* plaintiffs, in turn, assert that this court should consolidate "discovery and, as appropriate, hearings on the preliminary injunction motions" in *Caster*, *Milligan*, and *Singleton*, but that consolidation for other purposes is unwarranted at this time. *Milligan* Doc. 39.

## II. CONSOLIDATION

Federal courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases" under Federal Rule of Civil Procedure 42(a). *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Because the *Milligan* plaintiffs do not object to the consolidation of their case with *Singleton* for the limited purposes of discovery and a hearing relevant to the applications for preliminary injunctive relief in both cases, *Milligan* Docs. 18, 39; because *Singleton* and *Milligan* "involve a common question of law or fact," Fed. R. Civ. P. 42(a); and because consolidating *Singleton* and *Milligan* for the limited purposes of discovery and a hearing in connection with the requests in those cases for preliminary injunctive relief will materially assist the parties and the court in proceeding on the expedited schedule that the parties have proposed, *Singleton* and *Milligan* are hereby **CONSOLIDATED** for the limited purposes of discovery and a hearing relevant to the applications for preliminary injunctive relief in those cases. Because this consolidation is for a limited purpose,

the parties in those cases should file in both cases any pleadings or other papers that are relevant to consolidated proceedings. The court **RESERVES RULING** on the Secretary's request for further consolidation of *Singleton* and *Milligan* for a later time.  The Secretary's request for consolidation to include *Caster* is **DENIED** at this time.

## III. JOINDER

Federal Rule of Civil Procedure 19(a)(1) provides: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

The court has reservations about the jurisdictional implications of joinder: the *Caster* plaintiffs intentionally have not asserted a claim that independently supports the jurisdiction of a three-judge panel under Section 2284, so there is a risk that using joinder (or consolidation) to include those plaintiffs in this consolidated action could exceed the limited jurisdiction of this court under that statute. In any event, assuming

*arguendo* that joinder would be proper, the Secretary has not established that it is required. The Secretary expresses concern about the potential for "complete relief" if the *Caster* plaintiffs are not joined, but the Secretary does not assert that without the *Caster* plaintiffs, the *Singleton* plaintiffs could not obtain the relief they seek. *Singleton* Doc. 33 at 8. The Secretary also does not assert that disposing of the *Singleton* action in the *Caster* plaintiffs' absence would impede the *Caster* plaintiffs' ability to protect their interests. *See id.*

The Secretary's principal argument is that if the *Caster* plaintiffs are not joined in these actions, their absence could subject the Secretary "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [*Caster* plaintiffs'] interest" in the subject matter of the litigation (*i.e.*, the Plan). *Id.* at 4-6. According to the Secretary, there is a "substantial risk" that "federal courts [will] order[] him to do incompatible things at the same time: . . . [adopt] a congressional map drawn with two majority-African-American districts" and a "map . . . [with] zero such districts." *Id.* at 6.

But the Secretary has failed to establish that the risk he identified is "substantial." Fed. R. Civ. P. 19(a). Several practical realities mitigate any such risk. *First*, the same three judges are hearing *Singleton* and *Milligan*, and one of those judges is hearing *Caster*. *Second*, as the *Caster* plaintiffs recognize, it is highly unlikely that the court in *Caster* "would issue a substantive ruling [on their

application for preliminary injunctive relief] before the *Singleton* Court [and the *Milligan* court]" issues a ruling on the *Singleton* plaintiffs' application for preliminary injunctive relief. *Caster* Doc. 38 at 12 n.3. *Third*, the highly coordinated schedules on which the applications for preliminary injunctive relief in all three cases (set forth below and in an order contemporaneously entered in *Caster*) will be heard address the Secretary's concern that multiple separate proceedings could result in inconsistent findings of fact or legal rulings. Accordingly, the court finds that the risk of inconsistent judgments is insufficiently substantial to support joinder of the *Caster* plaintiffs, and the Secretary's motion for joinder is **DENIED** at this time.

## IV. SCHEDULE FOR PRELIMINARY INJUNCTION PROCEEDINGS

The court has considered the parties' positions with respect to the appropriate schedule of preliminary injunction proceedings, the serious time exigencies surrounding the fair and timely resolution of this litigation, including the provisions of Alabama's election law that set deadlines applicable to the next Congressional election to be conducted using the electoral map that is the subject of this action (Alabama Code Section 17-13-5(a), which effectively establishes a deadline of January 28, 2022 for candidates to qualify with major political parties to participate in the 2022 primary election for the United States House of Representatives and Senate, and Alabama Code Section 17-13-3(a), which establishes the date of that primary election as May 24, 2022), and the extraordinary and urgent time demands

placed on all parties and the court in connection with these proceedings. Accordingly, the following schedule is **ORDERED**:

On or before **DECEMBER 7, 2021**, the parties in *Singleton* and *Milligan* shall file a joint statement of facts that are stipulated for purposes of preliminary injunction proceedings.

The *Milligan* plaintiffs shall file their motion for preliminary injunctive relief on or before **DECEMBER 15, 2021**.

The *Singleton* plaintiffs may (but are not required to) amend, supplement, replace, or otherwise restate their application for preliminary injunctive relief on or before **DECEMBER 15, 2021**.

The Secretary shall file any objections to both the *Singleton* plaintiffs' motion (regardless whether the *Singleton* plaintiffs rest on the application they have already filed, or amend, supplement, replace, or otherwise restate it) and the *Milligan* plaintiffs' motion on or before **DECEMBER 22, 2021**.  The previous order of the court that the Secretary shall file any objection to the *Singleton* plaintiffs' motion by November 26, 2021 is **VACATED** solely as to the deadline for that response.

The respective plaintiffs shall file any reply in support of their motions for preliminary injunctive relief within five days of the filing of any objection.

The preliminary injunction discovery process will go forward so that the panel may have at its disposal any competent and probative evidence that the parties can develop before the hearing.  To that end:

On or before **DECEMBER 10, 2021**, the parties in *Singleton* and *Milligan* shall exchange any expert reports related to the motion for preliminary injunction.

On or before **DECEMBER 20, 2021**, the parties in *Singleton* and *Milligan* shall exchange any expert rebuttal reports related to the motion for preliminary injunction.

During the Rule 16 conference held on November 23, 2021, all parties agreed not to depose expert witnesses in advance of the preliminary injunction hearing because of the serious time exigencies described above. In the light of that agreement, it is the court's expectation that the parties' expert reports and rebuttal reports will be sufficiently detailed to afford the parties and the court an adequate opportunity to understand the expert's expected testimony in advance of the preliminary injunction hearing.

On or before **DECEMBER 17, 2021**, the parties in *Singleton* and *Milligan* shall complete all discovery related to the motion for preliminary injunction, other than the filing of the expert rebuttal reports.

Any other motions related to the application for preliminary injunctive relief or hearing thereof shall be filed on or before close of business on **DECEMBER 17,**

**2021**. Any objection to such motions shall be filed within seven days of the filing of such motions, and any reply in support of such motions shall be filed within four days of the filing of such objection.

**At or before 4:00 pm Central Standard Time on DECEMBER 23, 2021**, the parties in *Singleton* and *Milligan* shall file a joint pretrial report that includes the following:

- A list of witnesses who have been deposed.

- A list of witnesses who will testify live at the preliminary injunction hearing.

- A list of witnesses whose deposition testimony will be presented at the preliminary injunction hearing, with deposition transcripts attached.

- A list of stipulated exhibits, numbered and with the exhibits attached.

- A list of exhibits to which a party has raised an objection, with the grounds for the objection set forth and the exhibit attached.

- Any other stipulations that the parties believe will expedite the preliminary injunction proceedings.

The court **SETS** a hearing on both applications for preliminary injunctive relief on **JANUARY 4, 2022, at 9:00 a.m. Central Standard Time** in Courtroom 8 in the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama. At that hearing, each set of plaintiffs will be afforded the opportunity to make its own oral argument, offer its own proof to support its motion

12

for a preliminary injunction, examine its own witnesses, and examine (and cross-examine, as appropriate) other witnesses. The *Singleton* plaintiffs shall proceed first and then the *Milligan* plaintiffs, before Judge Manasco hears the plaintiffs' case in *Caster,* following which presentations the Defendants shall present their defense in *Singleton* and *Milligan* before the panel, and then their defense in *Caster* before Judge Manasco.  The plaintiffs shall be permitted to present any rebuttal evidence.

Within five days of the completion of the preliminary injunction hearing, the parties in *Singleton* and *Milligan* shall file proposed findings of fact and conclusions of law for the panel's consideration.

**DONE** and **ORDERED** this 23rd day of November, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE