FILED
2021 Dec-07  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01291-AMM |
| | ) | |
| JOHN MERRILL, in his official | ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State, | ) | |
| | ) | |
| Intervenors. | ) | |

### INTERVENORS MCCLENDON AND PRINGLE'S
### ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Intervenors Sen. Jim McClendon, Senate Chair of the Permanent Legislative Committee on Reapportionment, in his official capacity, and Rep. Chris Pringle, House Chair of the Committee, in his official capacity (collectively, "the Committee Chairs"), for their Answer to Plaintiffs' Amended Complaint (ECF No. 15), state as follows:

### Answer to Numbered Paragraphs

1.     Admitted that the result of *Wesch v. Hunt* was a congressional plan approved by a three-judge court with a majority-black district designed to give African-American voters an opportunity to elect their candidate of choice. Otherwise denied.

2.     Admitted that Governor Ivey signed Act No. 2021-535 into law on November 4, 2021; that District 7 had been under-populated by more than 50,000 people; and, that District 7 in the enacted plan has a majority of black voters, but a significantly smaller majority than in the previous plan. Otherwise denied.

3.     Intervenors lack sufficient information to admit or deny that no black voter in Alabama could establish the *Gingles* requirements for a Congressional district, but acknowledges that may be true. Intervenors deny that the State drew any Congressional district in 2021 with the intent of drawing a majority-black district.

4.     Admitted that the Supreme Court held that West Virginia, whose constitution (unlike Alabama's) requires a whole-county congressional map, had a sufficient interest in whole counties to justify minimal population deviation. Otherwise denied.

5.     Denied.

6.     Paragraph 6 is largely unintelligible, as Plaintiffs claim to bring a claim that Alabama classified voters on the basis of race without sufficient justification, yet they say it is "not a claim of discrimination."   *Bartlett v. Strickland* speaks for itself.   Specifically denied that Alabama had any "effective crossover districts." Otherwise denied.

7.     Denied.

8.      Intervenors do not contest this Court's jurisdiction, except to the extent that plaintiffs ask the Court to require Alabama to comply with State law.

9.      Intervenors do not contest this Court's jurisdiction, except to the extent that plaintiffs ask the Court to require Alabama to comply with State law.

10.     Intervenors waive any objection to venue in this District for purposes of challenges to Alabama's new Congressional districts.

11.     Admitted.

12.     Admitted that Plaintiffs Smitherman and Billingsley are Black registered voters in District 7. Otherwise denied.

13.     Intervenors lack sufficient information to admit or deny the allegations in the first sentence, and therefore deny the same. Otherwise denied.

14.     Admitted that Plaintiff Singleton is a Black registered voter in District 7. Otherwise denied.

15.     Intervenors lack sufficient information to admit or deny the allegations in the first sentence, and therefore deny the same.  Otherwise denied.

16.     Admitted.

17.     Denied.

18.     Denied.

19.     Denied.

20.    Admitted on information and belief that Alabama's Congressional districts were made up of whole counties until the 1960's, and that counties have been split in the congressional plan since that time.

21.    Admitted.

22.    Admitted on information and belief.

23.    Admitted.

24.    Admitted that seven counties were split in the 1992 Congressional plan, and that the plan had one majority-black District.

25.    Admitted that the *Wesch v. Hunt* court imposed one of the two proposed plans that "achieve[d] precise population equality among its districts." *Wesch v. Hunt*, 785 F.Supp. 1491, 1497, 1499 (S.D. Ala. 1992) (three-judge court), *aff'd sub nom. Camp v. Wesch*, 504 U.S. 902 (1992), *Figures v. Hunt*, 507 U.S. 901 (1993). Otherwise, Intervenors lack sufficient information to admit or deny the allegations, and therefore deny the same.

26.    Admitted that the *Wesch* court used a zero-deviation standard in the 1992 plan. Otherwise denied.

27.    Admitted that footnote 9 is an accurate quote. Denied that the *Wesch* court was guilty of gerrymandering, packing, or other forms of racial discrimination when it approved a congressional districting plan in 1992, an "agreed-upon plan" in

a case where John England, Jr., was among the attorneys and Michael Figures was among the intervening plaintiffs.

28.   Denied.

29.   Admitted that after the 2000 and 2010 censuses, Alabama was covered by Section 5 of the Voting Rights Act and was therefore required to keep a majority-black congressional district in order to avoid retrogression and for its plan to be precleared. Otherwise denied.

30.   Admitted that Supreme Court precedent permits a State to have minor population deviations in congressional districts if the State can justify each deviation by pointing to an important State interest. Otherwise denied.

31.   Admitted.

32.   Denied that the *Wesch* court was guilty of a racial gerrymander. Otherwise admitted.

33.   Admitted that the Supreme Court held as alleged in a case arising from West Virginia, whose constitution required preserving county boundaries.

34.   Admitted that the Supreme Court held that minor deviations in congressional districts are permissible if adequately supported by State interests, and that it has not set a precise numerical limit on permissible deviations. Otherwise denied.

35.    Admitted, although the 1964 plan was declared unconstitutional and the 1965 plan's deviation was approved at a time when map-drawers lacked the tools to draw districts with substantial equality in population.

36.    Admitted on information and belief.

37.    Admitted on information and belief.

38.    Denied that the *Wesch* court was guilty of a racial gerrymander. Otherwise admitted on information and belief.

39.    Denied that the *Wesch* court was guilty of a racial gerrymander. Otherwise admitted on information and belief.

40.    Denied that the *Wesch* court was guilty of a racial gerrymander. Otherwise admitted on information and belief.

41.    Denied.

42.    Admitted that Plaintiffs' proposed plan has districts with the populations alleged. Otherwise denied.

43.    Intervenors lack sufficient information to admit or deny the district statistics.

44.    Admitted that Jefferson County limits the ability to minimize population deviation in a whole-county congressional plan. Otherwise denied.

45.    Denied.

46.     Admitted that the Legislature's Reapportionment Committee held over two dozen public hearings across Alabama (and made all of those hearing accessible virtually) and that citizens presented the whole-county plan for consideration at public hearings.

47.     Admitted that the whole-county plan was introduced in the Legislature and that substitutions were introduced with county splits with lower deviations. Otherwise denied.

48.     Denied that the *Wesch* court was guilty of a racial gerrymander. Admitted that the Legislature rejected Plaintiffs' unconstitutional whole-county plan and passed its own plan instead. Admitted that the plan that the State adopted had statistics like, or close to, those alleged. Otherwise denied.

49.     Admitted that District 7 in the Act 2021-555 plan retains all or part of the 14 counties contained in District 7 in the 2011 plan, including the majority-black rural counties Sumter, Greene, Hale, Perry, Marengo, Dallas, Wilcox and Lowndes. Intervenors lack sufficient information to admit or deny the remaining allegations.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     Denied.

54.     Admitted.

55.     Admitted that "candidates should know the District in which they will run weeks before January 28, 2022." Otherwise denied.

## Count I

56.     Denied.

57.     Denied.

58.     Denied.

59.     Admitted.

60.     Admitted.

61.     Admitted that Section 2 likely would not permit a Legislature to draw District 7, as drawn after the 2000 and 2010 censuses, *if* drawn in that manner for the first time, and *if* drawn with the intent of drawing a majority-black district. Denied that in 2021, the Legislature intended to draw a majority-black district, and otherwise denied.

62.     Denied.

63.     Admitted.

64.     Intervenors lack sufficient information to admit or deny the allegations.

65.     Intervenors lack sufficient information to admit or deny the allegations. Intervenors acknowledges that it may be true that Section 2 cannot be used to require the State to draw a majority-black district, but deny that the State intended to draw any majority-Black Congressional district in 2021. The Legislature drew districts

without consideration of race, and then considered whether the Voting Rights Act required adjustments to the plan.

66.    The decisions cited speak for themselves. Otherwise denied.

67.    Denied.

68.    Admitted that a zero-deviation policy conflicts with Plaintiffs' whole-county standard. Denied that a zero-deviation policy is equivalent to gerrymandering. Denied that a whole-county policy does not permit gerrymandering.

69.    Denied.

70.    The decision cited speaks for itself. Otherwise denied.

71.    The decision cited speaks for itself. Otherwise denied.

72.    The decision cited speaks for itself. Otherwise denied.

73.    Denied.

74.    Denied.

## Count II

75.    Admitted.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

**Request for relief:** Intervenors deny that Plaintiffs are entitled to any relief.

## General Denial

Intervenors deny each and every allegation in Plaintiffs' Amended Complaint that is not expressly admitted above.

### Additional Defenses

1.     Plaintiffs have no lawful remedy.

2.     Plaintiffs have no legal entitlement to a whole-county plan or to influence districts.

3.     The congressional districts plaintiffs propose violate the one-person, one-vote rule.

4.     The congressional districts plaintiffs propose are inconsistent with every traditional districting criteria except for observing county boundaries, which has no priority over other traditional districting criteria.

5.     To the extent plaintiffs seek relief before the 2022 elections, it would be inequitable to afford them relief so soon before the elections.

6.     Plaintiffs seek inappropriate relief.

7.     Plaintiffs have failed to join necessary parties.

8.     The Legislature drew districts without consideration of race and is not guilty of racial gerrymandering or intentional discrimination.

9.      The Census Bureau failed to deliver districting data as statutorily required, and the lateness in receiving the data required that the Legislature move quickly in order to have plans in place for the 2022 election.

10.     The relief Plaintiffs request is against the public interest.

11.     Declining to adopt a plan that is unconstitutional, that is a racial gerrymander, that ignores traditional districting criteria, and/or is against the public interest, is not intentional racial discrimination.

12.     This court lack jurisdiction to require State officials to comply with any alleged requirement to keep counties whole that is based on State law or policy.

13.     The Committee Chairs assert their legislative immunity and privilege.

Done this 7th day of December, 2021.

*Respectfully Submitted,*

*/s/  Dorman* Walker_____
*Counsel for Sen. McClendon and Rep.*
*Pringle*

### CERTIFICATE OF SERVICE

I certify that on December 7, 2021, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record.

Steve Marshall
***Attorney General***
Edmund Gerard LaCour (ASB-9182-U81L)
***Deputy Attorney General***
James W. Davis (ASB-4063-I58J)
***Deputy Attorney General***
Brenton M. Smith (ASB-1656-X27Q)
Benjamin M. Seiss (ASB-2110-O00W)
Misty S. Fairbanks Messick
Andrew Reid Harris (ASB-4063-I58J)
Alexander Barrett Bowdre
Thomas Alexander Wilson
***Assistant Attorneys General***
Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Reid.Harris@AlabamaAG.gov
Barrett.Bowdre@AlabamaAG.gov
Elacour@ago.state.al.us
Thomas.wilson@AlabamaAG.gov
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
**Counsel for Secretary Merrill**

James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
jublacksher@gmail.com


Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place

Montgomery, AL 36117
Tel: (334) 676-1626
myronpenn28@hotmail.com

Joe Ramon Whatley, Jr.
Henry C. Quillen
WHATLEY KALLAS, LLP
P.O. Box 10968
Birmingham, AL 35202
Tel.: (205) 488-1200
Fax: (800) 922-4851
jwhatley@whatleykallas.com
hquillen@whatleykallas.com

Diandra "Fu" Debrosse Zimmermann
Eli Joseph Hare
DICELLO LEVITT GUTZLER
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel.: (205) 855.5700
fu@dicellolevitt.com
ehare@dicellolevitt.com

**Attorneys for Plaintiffs**

*/s/ Dorman Walker*_____
*Counsel for Sen. McClendon and Rep. Pringle*