FILED

2022 Feb-01  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Case No. 2:21-cv-01291-AMM |
| ) | |
| JOHN MERRILL, in his official   ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State,   ) | |
| *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

## SINGLETON PLAINTIFFS' MOTION FOR EXPEDITED RULING ON THEIR RENEWED MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Bobby Singleton, Rodger Smitherman, Eddie Billingsley, Leonette W. Slay, Darryl Andrews, and Andrew Walker, through undersigned counsel, move for an expedited ruling on their Renewed Motion for a Preliminary Injunction, Doc. 57. Without an expedited ruling, the Alabama Legislature's 2021 congressional plan, which the *Singleton* Plaintiffs challenged as an unconstitutional gerrymander within hours of its passage, could nevertheless be the basis of the 2022 election without any input from this Court.

This Court's Preliminary Injunction and Opinion entered January 24, 2022, Doc. 88, deferred a ruling on the *Singleton* Plaintiffs' constitutional claim "because Alabama's upcoming congressional elections will not occur on the basis of the

1

map that is allegedly unconstitutional...." *Id.* at 216. That predicate for deferral is in serious jeopardy, because Defendants have appealed and moved for a stay of the preliminary injunction.[1] Justice Thomas has ordered the *Milligan* and *Caster* Plaintiffs to respond to the stay application by noon Eastern Time tomorrow.[2] Amicus briefs in support of Defendants' appeal and stay petition have been filed by several parties, including by Louisiana and thirteen other states,[3] the Chair of the Alabama Republican Executive Committee,[4] and the National Republican Redistricting Trust.[5]

Further delay in a ruling on the *Singleton* Plaintiffs' amended motion for preliminary injunction will irreparably prejudice the constitutional rights of Plaintiffs and all Alabama voters to elect members of the U.S. House of Representatives under a constitutional redistricting plan in 2022. If the stay Defendants are seeking is granted, there is no doubt this Court's preliminary injunction based on the Voting Rights Act will not provide the *Singleton* Plaintiffs relief in time for the May 24, 2022, primary elections. The leadership of the Alabama Legislature has informed Senator Singleton that no attempt will be made to draw a remedial map as long as this Court's injunction based on the Voting Rights Act is on appeal. Declaration of Bobby Singleton, Ex. 1.

---

[1] https://tinyurl.com/pjr9x2rf.
[2] https://tinyurl.com/4ezyb7u3.
[3] https://tinyurl.com/ycxcrmd8.
[4] https://tinyurl.com/25rf2yc3.

Such irreparable harm would be ironic because while the plaintiffs in all three cases were diligent, the *Singleton* Plaintiffs were the most diligent. Their original complaint allowed the appointment of a three-judge panel by the time the 2021 plan was enacted, and their first motion for a preliminary injunction began the process that culminated in a comprehensive evidentiary hearing and fulsome briefing in all three cases. If the Supreme Court stays the injunction based on the Voting Rights Act claim, and this Court does not address the racial gerrymandering claim, the reward for the *Singleton* Plaintiffs' diligence will be that a ruling in two later-filed cases based on a different legal theory will preclude relief.

In fact, such harm would be doubly ironic because the Defendants' petition for a stay pending appeal and the supporting amicus briefs read like briefs in support of the *Singleton* Plaintiffs' racial gerrymandering claim. They argue that this Court's ruling on the *Milligan* and *Caster* Plaintiffs' VRA claims ignored recent Supreme Court decisions, including *Cooper v. Harris*, 137 S. Ct. 1455 (2017), requiring congressional districts to be drawn according to traditional districting criteria without a focus on race before determining whether they violate Section 2 of the VRA. Yet Defendants' stay petition fails to tell the Supreme Court the Legislature failed to do exactly that before it rubber-stamped the incumbent members' perpetuation of the racial gerrymander in District 7. They complain that

---

[5] https://tinyurl.com/3xzm2hys.

the illustrative VRA plans all split Mobile County, but they never mention the splits of Jefferson, Tuscaloosa, and Montgomery Counties in the enacted plan. The constitutional traditional districting principles they contend prohibit creating two majority-black districts apply as well to the one majority-black district in the enacted plan. Moreover, the reasons the Defendants give on appeal for rejecting the *Milligan* and *Caster* plaintiffs' proposed remedies do not apply to the *Singleton* Plaintiffs' Whole County Plan or its alternatives, which the Defendants have never seriously argued are racially gerrymandered.

Therefore, the Court should enter an order deciding the *Singleton* Plaintiffs' renewed motion for a preliminary injunction expeditiously if the Supreme Court stays the injunction in *Milligan* and *Caster*. The *Singleton* Plaintiffs have always agreed with the Court that an injunction based on the racial gerrymandering claim should give the Legislature the first opportunity to draw new districts. Regrettably, however, the Legislature's leadership has taken an "appeal or bust" strategy, which means that no new map will be forthcoming. Thus, if the Court awards an injunction to the *Singleton* Plaintiffs, it should order that the remedy will be either the Whole County Plan or one of its alternatives. These plans respect traditional redistricting principles, were drawn without taking race into consideration, and have been subjected to analysis by the Legislature's own mapping software. And no one has argued that these maps would violate the Voting Rights Act. They

represent a sensible and feasible remedy.

Dated: February 1, 2022          Respectfully submitted,

*/s/ James Uriah Blacksher*
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com

*/s/ Henry C. Quillen*
Henry C. Quillen
(admitted *pro hac vice)*
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

Diandra "Fu" Debrosse Zimmermann
Eli Hare

5

DICELLO LEVITT GUTZLER
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
          ehare@dicellolevitt.com

*Counsel for Plaintiffs*