# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-01291-AMM |
| ) | |
| JOHN MERRILL, in his official ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## SINGLETON PLAINTIFFS' EMERGENCY MOTION FOR A RULING ON THEIR RENEWED MOTION FOR A PRELIMINARY INJUNCTION

On February 1, the *Singleton* Plaintiffs asked this Court to rule on their Renewed Motion for a Preliminary Injunction if the Supreme Court stayed the injunction in *Milligan* and *Caster*. Doc. 98. Yesterday the Supreme Court entered that stay. Ex. 1. Thus, it is no longer true that "Alabama's upcoming congressional elections will not occur on the basis of the map that is allegedly unconstitutional," Doc. 88 at 216, and there is no reason for this Court to continue to defer ruling on the *Singleton* Plaintiffs' gerrymandering claim.

The Supreme Court's order does not imply that it is too late for this Court to order relief. Only two Justices invoked the Supreme Court's holding in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam) that district courts should not enjoin state

election laws in the period close to an election; the other three Justices who voted for a stay declined to join their concurring opinion. Moreover, the two-Justice concurrence stated,

> the *Purcell* principle thus might be overcome even with respect to an injunction issued close to an election if a plaintiff establishes at least the following: (i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship.

Ex. 1 at 5. The *Singleton* Plaintiffs' gerrymandering claim and their proposed remedy satisfy all four criteria. First, it is undisputed that the district lines in the 2021 plan separate voters by race, Doc. 84 at 4–7, 10, and the Defendants' own arguments to the Supreme Court that racial gerrymandering is never appropriate apply in spades to the 2021 plan, Doc. 98 at 3–4. Second, this Court has already described the irreparable harm that voters will suffer if the 2022 election uses an unlawful map. Doc. 88 at 197–98. Third, the *Singleton* Plaintiffs did not delay at all, much less "unduly," in bringing their complaint to court. *Id.* at 203 n.13 ("The *Singleton* plaintiffs already had filed their lawsuit, but within hours of the Plan being signed by the Governor filed the amended complaint to address the enacted 2021 Plan."). Fourth, implementing the *Singleton* Plaintiffs' proposed remedy is feasible without significant cost, confusion, or hardship. When ordering that new districts be drawn under the Voting Rights Act, this Court examined the

Defendants' evidence on this point and found it wanting. *Id.* at 199–204; Doc. 93 at 27–34. The *Singleton* Plaintiffs' proposed remedial maps, all of which have been vetted by the Legislature's own mapping software, would be even easier to implement; at most, about 0.4% of the state's population would have to be manually assigned to a congressional district different from the one that covers everyone else in their county. Doc. 84 at 24–25.

## CONCLUSION

The *Singleton* Plaintiffs and this Court have been admirably diligent throughout this case. It would be a shame if the *Singleton* Plaintiffs and millions of other Alabamians must vote in patently unconstitutional districts without any review by this Court, making all that diligence count for nothing.

Dated: February 8, 2022         Respectfully submitted,

*/s/ James Uriah Blacksher*
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

Joe R. Whatley, Jr.
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851

Email: jwhatley@whatleykallas.com
       tbrown@whatleykallas.com

*/s/ Henry C. Quillen*
Henry C. Quillen
(admitted *pro hac vice)*
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

Diandra "Fu" Debrosse Zimmermann
Eli Hare
DICELLO LEVITT GUTZLER
420 20th Street North, Suite 2525
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
       ehare@dicellolevitt.com

*Counsel for Plaintiffs*