
FILED
2022 Feb-17 AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, *et al.*, | ) |
| Plaintiffs, | ) )  |
| v. | ) Civil Action No.: ) 2:21-cv-1291-AMM |
| JOHN H. MERRILL, *in his official capacity as Alabama Secretary of State, et al.* | ) THREE-JUDGE COURT ) ) ) |
| Defendants. | ) ) |
| EVAN MILLIGAN, *et al.*, | ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) 2:21-cv-1530-AMM |
| JOHN H. MERRILL, *in his official capacity as Alabama Secretary of State, et al.* | ) THREE-JUDGE COURT ) ) ) |
| Defendants. | ) ) |
| MARCUS CASTER, *et al.*, | ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: ) 2:21-cv-1536-AMM |
| JOHN H. MERRILL, *in his official capacity as Alabama Secretary of State*, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANTS' RESPONSE TO MOTION TO INTERVENE[1]

---

[1] Because the Court has ordered parties in each of the three above-captioned cases to respond to the motion, Defendants will file an identical copy of this document in all three cases.

## INTRODUCTION

Movant Jeff Coleman seeks to intervene as of right "for the sole purpose of seeking clarification" of this Court's now-stayed preliminary injunction order with respect to candidate qualification deadlines. *Caster* DE128:2. Coleman asserts that he wants to run as a candidate in the Republican primary election for Alabama Congressional District 2. The statutory deadline for him to submit his qualification paperwork was January 28, 2022. Four days before the deadline, this Court entered a preliminary injunction (1) prohibiting the Secretary of State from conducting forthcoming elections using the Congressional map adopted by the legislature and signed into law by the governor, (2) staying the qualification deadline until February 11, and (3) directing the Secretary to "advise the political parties participating in the 2022 congressional elections of th[e] order." *Caster* DE101:7. Thereafter, Coleman let the statutory January 28 qualification deadline pass without qualifying. His motion is unclear as to whether he was relying on this Court's order or even anticipating new district lines that could impact his decision to run. In any event, Coleman submitted his qualification paperwork to the Alabama Republican Party on February 10—one day before the February 11 date given by this Court, but three days after the Supreme Court stayed this Court's order. Coleman represents that, as of February 12, when he filed his motion to intervene, "the Alabama Republican Party ha[d]

1

not indicated whether it will certify" him "as a qualified candidate for election." DE124 ¶ 2.

Coleman comes to this Court for guidance. Presumably he wants the Court to say whether the Alabama Republican Party should certify his name as a congressional candidate to Secretary Merrill. Unfortunately, he does not say what his interest in the "subject of the action" is or whether he intends to intervene as a plaintiff or a defendant. Nor has he included with his motion "a pleading that sets out the claim or defense for which intervention is sought," as Rule 24 requires. Fed. R. Civ. P. 24(c). For these reasons, he has not established that he is entitled to intervene. To the extent this Court determines that it has the authority and the desire to issue a clarifying statement, it can do so without adding Coleman as a party.

## BACKGROUND

Under Alabama law, candidates for federal office seeking nomination by a party primary must file a declaration of candidacy form with the state party chair 116 days before the election. Ala. Code § 17-13-5(a). In 2022, that deadline was January 28, 2022. *See Caster* DE101:6.

On January 24, 2022, the Court issued its preliminary injunction order, which stayed the congressional qualifying deadline until February 11, 2022. *Caster* DE101:6. The next day, January 25, Defendants sought a stay of that order in this Court. *Caster* DE103. On January 27, Defendants sought a stay from the Eleventh

Circuit, *see* Time Sensitive Mot. for Stay, No. 22-10272 (11th Cir. Jan. 27, 2022), and on January 28, Defendants sought a stay from the United States Supreme Court, Emergency App. For Admin. Stay, No. 21A376 (U.S. Jan. 28, 2022). On February 7, the Supreme Court stayed the Court's preliminary injunction order. *Merrill v. Milligan*, No. 21-1086, 2022 WL 354467 (U.S. Feb. 7, 2022).

Coleman did not submit his candidate qualification forms to the Alabama Republican Party by January 28, the normal statutory deadline. DE124 ¶ 2. Instead, he delivered the qualification forms on February 10—within the extended deadline announced by this Court, but after the Supreme Court issued its stay. *Id.* ¶ 5.

Coleman then filed his motion to intervene on February 12, more than two weeks after Defendants first sought to stay the preliminary injunction order at issue. DE124. Coleman had not sought to be involved in the proceedings before then, either before this Court or the Supreme Court. *Cf.* Br. for U.S. Reps. from Ala. as *Amici Curiae*, No. 21A376 (Feb. 1, 2022) (amicus brief from several candidates for Congress in Alabama). In his motion, Coleman states that he seeks to intervene as of right under Rule 24(a)(2) "for the limited purpose of seeking clarification as to the current deadline for filing congressional candidate qualification papers with the Alabama Republican Party." DE124 ¶¶ 7, 10. Coleman summarily states that his motion should be granted because it is timely, he "has the requisite interest," and his interest is not adequately represented by any other party in this case. *Id.* ¶¶ 8-10.

3

Coleman does not seek permissive intervention under Rule 24(b), only intervention as of right under Rule 24(a).

## ARGUMENT

To intervene as of right under Rule 24(a)(2), Coleman must satisfy four requirements:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). In addition, Rule 24(c) requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

"The purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor." *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996) (citing *WJA Realty Ltd. Partnership v. Nelson*, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989)). Yet Coleman has not stated his position on much of anything. He does not say whether he would like to intervene as a plaintiff or a defendant, and he is mum about what, if any, his interests are that "relat[e] to the … subject of the action," and whether those interests are adequately represented

4

by the current parties. In short, it does not appear that Coleman seeks to be a true "party" in this litigation, even in a limited fashion, and his interests do not appear to be related to "the subject of the action" at all.

Instead, Coleman is a third party who has been indirectly and tangentially affected by this Court's preliminary injunction order and the Supreme Court's stay. He seeks clarification of one of this Court's orders but not involvement in the underlying legal issues. That is not enough to mandate intervention under Rule 24(a). That Rule requires that a proposed intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (citation omitted). If Coleman has such an interest, he has not articulated it at this time.

In *BankAtlantic,* plaintiffs brought class-action claims against BFC, a financial corporation. *Id.* at 1510. In a separate action, BFC sued the ABC television network for defamation based on a television report that BFC knew some of its practices were unfair to the plaintiffs. *Id.* In the class action, a jury returned a verdict in favor of the plaintiffs, and BFC appealed. *Id.* After the jury's verdict, ABC moved for summary judgment in the defamation case, arguing that jury's verdict in the class action case required judgment in ABC's favor against BFC. *Id.* Meanwhile, during post-verdict litigation in the class action, BFC settled with the class-action plaintiffs,

5

agreeing to pay the full amount of damages sought in exchange for a stipulated motion to vacate the jury verdict and resulting judgment. *Id.*

ABC was "understandably unhappy about the provision for vacatur of the jury verdict and judgment, upon which it was relying in the libel lawsuit." *Id.* at 1511. It thus sought to intervene in the class action, arguing that preventing the vacatur of the jury verdict was a sufficient "interest" under Rule 24(a) to require intervention as of right. *Id.* The Eleventh Circuit rejected the argument. "[M]easured against the Rule 24 requirement that it be 'a direct, substantial, legally protectable interest,'" the Court held, "ABC's interest in the collateral estoppel effect of the jury's verdict in this case is too collateral, indirect, and insubstantial to support intervention as of right." *Id.* at 1513 (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991)).

Similar reasoning appears to apply here. Coleman seeks to intervene in this case for reasons wholly tangential to the underlying litigation. Though it is not entirely clear from his motion just what he wants, it appears that he seeks to intervene so that he can then seek an opinion from this Court about whether the Alabama Republican Party—who is also not a party to this litigation—should accept his qualification paperwork. That is not a "direct, substantial, legally protectable interest" related to "the property or transaction that is the subject of th[is] action." *Id.*; Fed. R. Civ. P. 24(a). And in any event, if the Court determines that providing clarification

6

is necessary and proper, it can do that without making Coleman an additional party to this litigation. But because Coleman has not met the requirements of Rule 24(a), it should not allow Coleman to intervene.

## CONCLUSION

The Court should deny Coleman's motion.

Respectfully submitted,

Steve Marshall
  *Attorney General*

| | |
|---|---|
| Dorman Walker (ASB-9154-R81J)<br>BALCH & BINGHAM LLP<br>Post Office Box 78 (36101)<br>105 Tallapoosa Street, Suite 200<br>Montgomery, AL 36104<br>Telephone: (334) 269-3138<br>Email: dwalker@balch.com<br>**Counsel for Sen. McClendon and Rep. Pringle** | Edmund G. LaCour Jr. (ASB-9182-U81L)<br>  *Solicitor General*<br><br>s/ A. Barrett Bowdre<br>A. Barrett Bowdre (ASB-2087-K29V)<br>Thomas A. Wilson (ASB-1494-D25C)<br>  *Deputy Solicitors General*<br><br>James W. Davis (ASB-4063-I58J)<br>  *Deputy Attorney General*<br><br>Misty S. Fairbanks Messick (ASB-1813-T71F)<br>Brenton M. Smith (ASB-1656-X27Q)<br>A. Reid Harris (ASB-1624-D29X)<br>Benjamin M. Seiss (ASB-2110-O00W)<br>  *Assistant Attorneys General*<br>OFFICE OF THE ATTORNEY GENERAL<br>STATE OF ALABAMA<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Telephone: (334) 242-7300<br>Fax: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov |

7

Barrett.Bowdre@AlabamaAG.gov  
Thomas.Wilson@AlabamaAG.gov  
Jim.Davis@AlabamaAG.gov  
Misty.Messick@AlabamaAG.gov  
Brenton.Smith@AlabamaAG.gov  
Reid.Harris@AlabamaAG.gov  
Ben.Seiss@AlabamaAG.gov  
***Counsel for Secretary Merrill***

**CERTIFICATE OF SERVICE**

I certify that I electronically filed this document using the Court's CM/ECF system on February 17, 2022, which will serve all counsel of record.

s/ A. Barrett Bowdre<br>
A. Barrett Bowdre<br>
*Counsel for Secretary Merrill*