FILED
2022 Feb-25 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY SINGLETON**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No.: 2:21-cv-1291-AMM** |
| | ) |
| **JOHN H. MERRILL,** *in his official capacity as Alabama Secretary of State*, *et al.*, | )    **THREE-JUDGE COURT** |
| | ) |
|     **Defendants.** | ) |

| | |
|---|---|
| **EVAN MILLIGAN**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No.: 2:21-cv-1530-AMM** |
| | ) |
| **JOHN H. MERRILL,** *in his official capacity as Secretary of State of Alabama*, *et al.*, | )    **THREE-JUDGE COURT** |
| | ) |
|     **Defendants.** | ) |

Before MARCUS, Circuit Judge, MANASCO and MOORER, District Judges.

BY THE COURT:

## **ORDER DENYING MOTION TO INTERVENE**

    Before the court is Jeff Coleman's motion to intervene. *Singleton* Doc. 106.

For the reasons stated below, that motion is **DENIED**.

These cases are two of three cases currently pending in the Northern District of Alabama that challenge Alabama's congressional electoral map ("the Plan"). The other case is *Caster v. Merrill*, Case No. 2:21-cv-1536-AMM. *Singleton* and *Milligan* were consolidated for the limited purpose of expedited preliminary injunction proceedings and heard by this three-judge court. The motion for preliminary injunctive relief in *Caster* (which is pending before Judge Manasco sitting alone) was heard during the consolidated preliminary injunction hearing in *Singleton* and *Milligan*. The preliminary injunction proceedings were highly time-sensitive because of state-law deadlines applicable to Alabama's next congressional election. The Plan became law on November 4, 2021, and Alabama Code Section 17-13-5(a) effectively establishes a deadline of January 28, 2022 for candidates to qualify with major political parties to participate in the 2022 primary election for the United States House of Representatives and Senate.

On January 24, 2022, this three-judge court issued a preliminary injunction barring Defendant Alabama Secretary of State John H. Merrill from conducting congressional elections according to the Plan. *Milligan* Doc. 107 at 4. In that order, we also stayed the January 28, 2022 qualification deadline for 14 days, through February 11, 2022, to allow the Alabama Legislature an opportunity to enact a remedial plan. *Id.* at 6.

Defendants appealed our order issuing a preliminary injunction. On February

7, 2022, the Supreme Court noted probable jurisdiction in *Milligan*, granted certiorari before judgment in *Caster*, and in a split decision stayed our preliminary injunction "pending further order of the Court." *Singleton* Doc. 104-1 at 2.

On February 13, 2022, Jeff Coleman filed a motion to intervene "for the sole purpose of seeking clarification from this Court as to the current deadline for filing congressional candidate qualification papers with the Alabama Republican Party and the Alabama Democratic Party." *Singleton* Doc. 106 at 1–2. Mr. Coleman alleged that "[s]oon after the issuance of the stay by the Supreme Court, the Alabama Republican Party took down its website portal through which congressional candidates could file qualification forms and pay the qualification fee online," which "portal was available after the statutory candidate qualification deadline of January 28, 2022, set out in Ala. Code § 17-13-5(a), and until it was taken down on or about February 7, 2022." *Id.* at 3–4. Mr. Coleman asserts that, "[b]elieving that the congressional candidate qualification deadline was still February 11, 2022, [he] filed his congressional candidate qualification papers with the Alabama Republican Party by physically delivering them to the party headquarters on February 10, 2022, along with the qualifying fee." *Id.* at 4; *see also id.* at 2.

Further, Mr. Coleman informed the court that, as of the date of the filing of the motion to intervene, "the Alabama Republican Party ha[d] not indicated whether it w[ould] certify [Mr.] Coleman's name to Defendant John Merrill as a qualified

3

candidate for election from Alabama Congressional District 02 on or about March 3, 2022, pursuant to Ala. Code § 17-13-5(b)," which is "[t]he statutory deadline for the certification of party candidates to the Secretary of State." *Id*. at 2. Mr. Coleman further stated that, "[a]ccording to Defendant Merrill, he will certify any congressional candidates whose names are certified to him by the respective chairs of the political parties pursuant to Ala. Code § 17-13-5(b), for inclusion on the primary ballots to be used in the May 24, 2022, primary elections." *Id*. at 4.

Mr. Coleman asserts that he "should be permitted to intervene in this action under Federal Rule of Civil Procedure 24(a)(2) because his "motion is timely" and "will not delay or impede the case," and "as a candidate for Congress, [he] has the requisite interest in ballot access since he has taken the necessary steps to qualify as a candidate for Congress." *Id* at 5. Mr. Coleman asserts that his interest "is not adequately represented by any other party to this case." *Id*.

The *Singleton* plaintiffs "do not oppose [Mr.] Coleman's motion to intervene." *Singleton* Doc. 112. The *Milligan* plaintiffs "oppose the request for intervention, but have no opposition to the Court issuing an order clarifying the continued effect of its prior order as to the sole matter in which Mr. Coleman claims an interest." *Milligan* Doc. 138 at 1. The *Milligan* plaintiffs observe that "[t]he Republican Party (and its chair), whose certification to Defendant Merrill Mr. Coleman apparently seeks, is . . . not a party to this action." *Id*. at 2. The *Milligan*

plaintiffs further observe that it "appears, from the facts recited in Mr. Coleman's motion, that Defendant Merrill has indicated that he will certify any congressional candidates whose names are certified to him by the respective chairs of the political parties." *Id.* (internal quotation marks omitted). Further, the *Milligan* plaintiffs assert that Mr. Coleman's motion to intervene should be denied because "Mr. Coleman's motion does not indicate any ongoing or sufficient interest in the subject matter of this Action to justify intervention—and, as noted, he has failed to attach any pleading setting forth any claim or defense he would propose to assert as intervenor." *Id.*

The *Caster* plaintiffs "take no position on Mr. Coleman's motion to intervene for the limited purpose of seeking clarification of the deadline for filing congressional candidate qualification papers under the Court's preliminary injunction order," but "reserve the right . . . to oppose any intervention by Mr. Coleman outside the scope of that limited purpose." *Caster* Doc. 130 at 2.

Defendants Secretary Merrill, Senator Jim McClendon, and Representative Chris Pringle (collectively, the "Defendants") assert that Mr. Coleman "has not established that he is entitled to intervene" because "he does not say what his interest in the 'subject of the action' is or whether he intends to intervene as a plaintiff or a defendant," "[n]or has he included with his motion 'a pleading that sets out the claim or defense for which intervention is sought,' as Rule 24 requires." *Singleton* Doc. 113 at 3 (quoting Fed. R. Civ. P. 24(a) & (c)); *see also Milligan* Doc. 139 at 3. The

5

Defendants assert that Mr. Coleman "is a third party who has been indirectly and tangentially affected by this Court's preliminary injunction order and the Supreme Court's stay," and who "seeks clarification of one of this Court's orders," but does not seek "involvement in the underlying legal issues," which "is not enough to mandate intervention under Rule 24(a)." *Singleton* Doc. 113 at 6; *see also Milligan* Doc. 139 at 6. The Defendants assert that even "[i]f [Mr.] Coleman ha[d] such an interest, he has not articulated it at this time." *Singleton* Doc. 113 at 6; *see also Milligan* Doc. 139 at 6. Further, the Defendants assert that, "[al]though it is not entirely clear from [Mr. Coleman's] motion just what he wants, it appears that he seeks to intervene so that he can then seek an opinion from this Court about whether the Alabama Republican Party—who is also not a party to this litigation—should accept his qualification paperwork," but argue that such issue "is not a 'direct, substantial, legally protectable interest' related to 'the property or transaction that is the subject of this action.'" *Singleton* Doc. 113 at 7 (quoting Purcell v. Bank Atl. Fin. Corp., 85 F.3d 1508, 1512 (11th Cir. 1996)) (alterations accepted); *see also Milligan* Doc. 139 at 7. The Defendants further note that even "if the Court determine[d] that providing clarification is necessary and proper, it can do that without making Coleman an additional party to this litigation." *Singleton* Doc. 113 at 7–8; *see also Milligan* Doc. 139 at 7–8.

"A party seeking to intervene as of right under Rule 24(a)(2) must show that:

(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

Further, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Id.* (internal quotation marks omitted). "[S]tanding doctrine accomplishes this by requiring plaintiffs to 'allege such a personal stake in the outcome of the controversy as to justify the exercise of the court's remedial powers on their behalf.'" *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 38 (1976)) (alterations accepted). "To establish Article III standing," an intervenor of right "must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)).

"Absent such a showing, exercise of its power by a federal court would be

gratuitous and thus inconsistent with the Art. III limitation." *Id.* (quoting *Simon,* 426 U.S. at 38). When a plaintiff alleges that his injury is imminent, "[a]lthough 'imminence' is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 n.2 (1992) (some internal quotation marks omitted) (emphasis in original).

Mr. Coleman's motion does not establish that he has suffered an injury, nor that one is imminent. He alleges that "[a]t this filing, the Alabama Republican Party has not indicated whether it will certify [his] name to Defendant John Merrill as a qualified candidate for election from Alabama Congressional District 02." *Singleton* Doc. 106 ¶ 2. On its face, this allegation admits that Mr. Coleman has not suffered an injury and that it is uncertain whether he will suffer one.

Further, even if we were inclined to assume (which we are not) that Mr. Coleman is certain to suffer an injury very soon, his motion does not establish that such injury is fairly traceable to any Defendant in these cases. According to Mr. Coleman, Secretary Merrill "will certify any congressional candidates whose names are certified to him by the respective chairs of the political parties pursuant to Ala. Code § 17-13-5(b)," *Singleton* Doc. 106 ¶ 6. Accordingly, we cannot find that Mr. Coleman will suffer any injury traceable to Secretary Merrill.

Separately, even if we were inclined to assume (which we are not) both that Mr. Coleman is certain to suffer an injury very soon and that such injury is fairly traceable to a defendant in these cases, Mr. Coleman's motion does not establish that such injury is capable of redress by this court. Mr. Coleman's dispute is with the Alabama Republican Party, which is not a party to these lawsuits. Accordingly, we do not have the power to order the Alabama Republican Party to certify Mr. Coleman's name to Secretary Merrill.

Finally, even if Mr. Coleman could hurdle each and all of the foregoing obstacles, we have no power to provide the relief that he ultimately seeks—namely, an order setting the congressional election qualification deadline as February 11, 2022—after the Supreme Court of the United States stayed our preliminary injunction order, which did exactly that. While there may be some disagreement as to the exact scope of the Supreme Court's stay, it is not a matter that this court can resolve.

Accordingly, Mr. Coleman's motion to intervene, *Singleton* Doc. 106, is **DENIED**.

**DONE** and **ORDERED** this 25th day of February, 2022.

_____
**STANLEY MARCUS**
UNITED STATES CIRCUIT JUDGE

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

_____
**TERRY F. MOORER**
UNITED STATES DISTRICT JUDGE