FILED
2023 Aug-09 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 13

James U. Blacksher                           825 Linwood Road
Attorney at Law                              Birmingham, AL 35222

Phone: 205-612-3752                          Fax: 866-845-4395
                                             E-mail: jublacksher@gmail.com

Via email transmission

Dorman Walker
Counsel for the Reapportionment Committee
445 Dexter Ave., Suite 8000
Montgomery, AL 36104

Re:   Singleton whole county plans

Dear Dorman,

Thank you for sending me a copy of the letter to you dated July 11, 2023, from counsel for the *Milligan* and *Caster* Plaintiffs. This is a brief response.

Counsel suggest that we have no role to play in proceedings to remedy the Voting Rights Act violation affirmed by the Supreme Court, because the District Court deferred ruling on the *Singleton* Plaintiffs' claim that the 2021 enacted Congressional plan is an unconstitutional racial gerrymander. That is incorrect. As the Alabama Attorney General keeps reminding us, trial on the merits is still pending, and it may be necessary to decide the *Singleton* claim in order to enter final judgment. *Singleton* remains consolidated with *Milligan* and *Caster*, and paragraph 5 of the District Court's order entered June 20, 2023, says "any set of Plaintiffs" may object to the remedial plan enacted by the Legislature.

The question before the Legislature is whether a remedial plan that splits Jefferson County and Mobile County along racial lines complies with both the Voting Rights Act and the Constitution. The District Court's opinion says:

> The Legislature retains "flexibility" in their work, subject to the rule that a "district drawn in order to satisfy § 2 must not subordinate traditional districting principles to race substantially more than is reasonably necessary to avoid § 2 liability."

*Singleton v. Merrill*, 582 F. Supp. 3d 924, 959 (N.D. Ala. 2022), aff'd sub nom. *Allen v. Milligan*, 143 S. Ct. 1487 (2023) (citation omitted).

At the hearing on June 27 I told the Reapportionment Committee that the *Singleton* plaintiffs support plans that do not split Jefferson County, specifically, Singleton plan no. 3 and the Campaign Legal Center (CLC) plan no. 1. They show that it is not necessary to draw districts along racial lines in order to provide two "opportunity" districts, i.e., districts in which Black voters have a realistic opportunity to elect candidates of their choice. Counsel for the *Milligan* and *Caster* Plaintiffs contend that "the CLC Plan is not a viable remedy for the VRA violation because it does not provide Black voters with a sufficient opportunity to elect their preferred candidates." That is incorrect. We have provided you and the *Milligan* and *Caster* Plaintiffs spreadsheets showing that, based on statewide elections going back to 2012, CLC Districts 6 and 7 consistently elect candidates favored by Black voters. Enclosed with this letter is a summary of those results.

But legal issues aside, there are reasons why the CLC plan, which is a modification of Singleton 3, is good for all Alabama citizens. The two most important communities of interest in this state are the Black Belt and Jefferson County. CLC plan no. 1 places all of the majority-Black Black Belt counties except Barbour County, in one district. And it keeps Jefferson County whole. Jefferson County has developed more biracial electoral coalitions than has any other Alabama county, and this is a trend that should be celebrated and encouraged. Moreover, CLC plan no. 1 preserves the Gulf Coast community of interest just as it is drawn in the 2021 plan, as well as District 4 and 5 in north Alabama.

We urge the Legislature to adopt a plan that keeps Jefferson County and the Black Belt whole, if the plan can be supported by evidence that it performs to provide Black voters a realistic opportunity to elect candidates of their choice.

Regards,

James U. Blacksher

encl.

2

The following table shows the results of previous statewide races in Congressional Districts 6 and 7 of the proposed Singleton 3 Plan and CLC 1 Plan. For each race, two percentages are listed: the share of the two-party vote obtained by the candidate of choice of Black voters in Districts 6 and 7, respectively. Black candidates are noted with an asterisk.

| Race | Zero Deviation Plan | CLC 1 Plan |
| --- | --- | --- |
| 2012 President: Obama (D)* v. Romney (R) | 53.2%, 55.7% | 51.2%, 57.9% |
| 2014 Governor: Griffith (D) v. Bentley (R) | 50.3%, 53.5% | 48.2%, 55.4% |
| 2014 Lieutenant Governor: Fields* (D) v. Ivey (R) | 50.2%, 52.5% | 48.1%, 54.2% |
| 2014 Auditor: Joseph* (D) v. Ziegler (R) | 50.5%, 53.6% | 48.4%, 55.5% |
| 2016 President: Clinton (D) v. Trump (R) | 53.6%, 53.9% | 52.1%, 56.1% |
| 2016 Senate: Crumpton (D) v. Shelby (R) | 52.0%, 52.5% | 50.4%, 54.7% |
| 2017 Senate: Jones (D) v. Moore (R) | 68.8%, 65.4% | 67.9%, 67.2% |
| 2018 Governor: Maddox (D) v. Ivey (R) | 58.7%, 56.0% | 57.4%, 57.8% |
| 2018 Lieutenant Governor: Boyd* (D) v. Ainsworth (R) | 56.2%, 55.1% | 54.6%, 57.5% |
| 2018 Auditor: Joseph* (D) v. Ziegler (R) | 56.6%, 55.9% | 55.2%, 58.2% |
| 2020 President: | 56.2%, 52.9% | 55.0%, 55.7% |

| | | |
|---|---|---|
| Biden (D) v. Trump (R) | | |
| 2020 Senate: Jones (D) v. Tuberville (R) | 58.2%, 56.4% | 57.1%, 58.5% |
| 2022 Senate: Boyd* (D) v. Britt (R) | 51.9%, 48.9% | 50.6%, 51.8% |
| 2022 Governor: Flowers* (D) v. Ivey (R) | 50.6%, 47.8% | 49.1%, 50.7% |
| 2022 Attorney General: Major* (D) v. Marshall (R) | 52.1%, 49.2% | 50.7%, 52.0% |
| 2022 Associate Justice (Place 5): Kelly* (D) v. Cook (R) | 52.2%, 49.8% | 50.8%, 52.7% |
| 2022 Secretary of State: Lafitte* (D) v. Allen (R) | 52.4%, 49.6% | 51.0%, 52.5% |