FILED
2023 Aug-11 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 38

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOBBY SINGLETON, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-1291-AMM |
| ) | |
| WES ALLEN, in his official ) | **THREE-JUDGE COURT** |
| capacity as Secretary of State, et al., ) | |
| ) | |
| *Defendants*. ) | |

### DEFENDANT SECRETARY OF STATE ALLEN'S OBJECTIONS AND RESPONSES TO *SINGLETON* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Secretary of State Wes Allen, sued in his official capacity, objects and responds to *Singleton* Plaintiffs' First Set of Requests for Production of Documents as set out below.

**General Statement**

Secretary Allen has relied on the information presently available to him. Further or different information may be discovered during the discovery phase of the litigation. Secretary Allen will amend his Objections and Responses to the extent required pursuant to Fed. R. Civ. P. 26.

Secretary Allen's Responses to each request are made subject to all objections as to privilege, competence, relevance, materiality, propriety, and admissibility, as

well as any and all other obligations and grounds that would require the exclusion of evidence. Secretary Allen reserves the right to make any and all such objections at the appropriate time.

**General Objections**

Secretary Allen objects to the Instructions to the extent that they purport to impose any requirements or obligations different from those contained in the Federal Rules of Civil Procedure, the local Rules of this Court, applicable orders of the Court, and/or related agreements.

**REQUEST FOR PRODUCTION NO. 1:** All analyses of the Singleton and/or Smitherman Plans, including but not limited to studies of the plans' functionality, performance, or effectiveness, conducted before the 2023 Plan was enacted.

**Response:** Secretary Allen objects to this request to the extent that it seeks "analyses" from legal counsel, on grounds of attorney-client privilege, joint defense privilege, or attorney work product doctrine. Secretary Allen further objects to this request to the extent that it seeks documents protected by the legislative privilege. Without waiving these objections, Defendants will produce responsive analyses concerning functionality and performance.

**REQUEST FOR PRODUCTION NO. 2**:  All analyses of the Singleton and/or Smitherman Plans, including but not limited to studies of the plans' functionality, performance, or effectiveness, conducted after the 2023 Plan was enacted.

**Response:** Secretary Allen objects to this request to the extent that it seeks "analyses" from legal counsel, on grounds of attorney-client privilege, joint defense privilege, or attorney work product doctrine. Secretary Allen further objects to this request to the extent that it seeks documents protected by the legislative privilege. Without waiving these objections, Defendants will produce responsive analyses concerning functionality and performance.

**REQUEST FOR PRODUCTION NO. 3:** All analyses of the 2023 Plan, including but not limited to studies of the plan's functionality, performance, or effectiveness, conducted before the 2023 Plan was enacted.

**Response:** Secretary Allen objects to this request to the extent that it seeks "analyses" from legal counsel, on grounds of attorney-client privilege, joint defense privilege, or attorney work product doctrine. Secretary Allen further objects to this request to the extent that it seeks documents protected by the legislative privilege. Without waiving these objections, Defendants will produce responsive analyses concerning functionality and performance.

**REQUEST FOR PRODUCTION NO. 4:** All analyses of the 2023 Plan, including but not limited to studies of the plan's functionality, performance, or effectiveness, conducted after the 2023 Plan was enacted.

**Response:** Secretary Allen objects to this request to the extent that it seeks "analyses" from legal counsel, on grounds of attorney-client privilege, joint defense privilege, or attorney work product doctrine. Secretary Allen further objects to this request to the extent that it seeks documents protected by the legislative privilege. Without waiving these objections, Defendants will produce responsive analyses concerning functionality and performance.

    Respectfully Submitted,

    Steve Marshall
    *Attorney General*

    Edmund G. LaCour Jr. (ASB-9182-U81L)
    *Solicitor General*

    /s/ James W. Davis
    James W. Davis (ASB-4063-I58J)
    *Deputy Attorney General*

    Misty S. Fairbanks Messick (ASB-1813-T71F)
    Brenton M. Smith (ASB-1656-X27Q)
    Benjamin M. Seiss (ASB-2110-O00W)
    Charles A. McKay (ASB-7256-K18K)
    *Assistant Attorneys General*

    Office of the Attorney General
    State of Alabama

501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

*Counsel for Secretary Allen*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, I served the foregoing on all counsel of record by electronic mail.

/s/ James W. Davis
*Counsel for Secretary Allen*
