**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01291-AMM |
| | ) | |
| WES ALLEN, in his official | ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT WES ALLEN SHOULD NOT BE HELD IN CIVIL
CONTEMPT**

Come now Plaintiffs and move the Court to issue an order requiring the Defendant, WES ALLEN, Alabama Secretary of State, to show cause in writing, if any there be, why he should not be held in civil contempt and sanctioned for his misrepresentation to the Court in the remedial phase of these proceedings.

In support of the motion, Plaintiffs would show the following undisputed facts.

1. On June 9, 2025, the parties filed a joint status report in which, *inter alia*,

> [t]he State 'further represent[ed] . . . that [it] will not challenge on appeal the duration of an injunction that requires the Secretary of State

1

to use the [Special Master] Plan for the 2026, 2028, and 2030 congressional elections (as well as all special or other congressional elections prior to the adoption of a new congressional district map based on the 2030 census data).

Doc. 338, pp. 7, 8.

2.    The representation by Secretary Allen (the "State") was made in opposition to the *Milligan* Plaintiff's application for relief under Section 3(c) of the Voting Rights Act. *Id.*, p. 4.

3.    Throughout the remedial proceedings, Secretary Allen and the State urged the Court not to invoke the bail-in remedy found in Section 3(c) of the Voting Rights Act. *Id.*, pp. 8, 9.

4.    This Court denied the Milligan application for bail-in relief, writing:

… So long as the Legislature does not pass any legislation that would violate the injunctive relief we have entered, and the Secretary abides by our injunctions, we can discern no compelling reason to tread into such intrusive waters. AS for the Milligan Plaintiffs' concern about Alabama's 2032 congressional elections, we see no need to prematurely inject the federal government into an election that postdates the Secretary's and Legislature's concessions by seven years.

*Id.*, p. 17.

5.    On August 8, 2025, the following order was issued:

Accordingly, the Court **PERMANENTLY ENJOINS** Alabama Secretary of State Wes Allen, and his successors in office, from conducting any elections according to Alabama's 2023 Plan. The Court further **ORDERS** Secretary Allen, and his successors in office, to

2

administer Alabama's congressional elections using Special Master Remedial Plan 3 (appended to this Order as Exhibit B) until Alabama enacts a new congressional districting plan based on the 2030 census data. This mandatory injunction EXPIRES upon that enactment."

*Id.,* pp. 1, 2.

6.    On April 30, 2026, Secretary Allen and other State officials filed in the United States Supreme Court a "Motion to Expedite Consideration of Jurisdictional Statement and of This Motion," attached hereto as Exhibit 1.

7.    Notwithstanding the misstatements in the Secretary's Motion to Expedite, its purpose is to provide for the use of the State's unlawful and unconstitutional 2023 Plan in the upcoming 2026 congressional elections.

8.    By his Motion to Expedite, Secretary Allen willfully and knowingly repudiated the unequivocal representation he made to this Court just last year that he would not challenge on appeal the duration of the Permanent Injunction requiring him to use the Special Master's Plan for the 2026, 2028, and 2030 congressional elections.

WHEREFORE, the premises considered, the Plaintiffs pray that the Court will set down this matter for a prompt hearing; and upon such hearing, order the Defendant Secretary Allen to show cause why he should not be sanctioned for civil contempt.

Respectfully submitted,

Dated: May 5, 2026

*/s/ U.W. Clemon*
U.W. Clemon
U.W. Clemon, LLC
Renasant Bank Building
2001 Park Place North, Tenth Floor
Birmingham, AL 35203
Tel.: (205) 506-4524
Fax: (205) 538-5500
Email: uwclemon1@gmail.com

*/s/ James Uriah Blacksher*
James Uriah Blacksher
825 Linwood Road
Birmingham, AL 35222
Tel: (205) 612-3752
Fax: (866) 845-4395
Email: jublacksher@gmail.com

Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com

*/s/ Henry C. Quillen*
Henry C. Quillen
(admitted *pro hac vice)*
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

4

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

Diandra "Fu" Debrosse Zimmermann
Eli Hare
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
        ehare@dicellolevitt.com

*/s/ J.S. "Chris" Christie*
J.S. "Chris" Christie (ASB-3162-H07J)
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com

**Counsel for Singleton Plaintiffs**

5