FILED

2026 May-05  PM 12:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

No. 25-273

# In the Supreme Court of the United States

◆

WES ALLEN, SEC'Y OF STATE OF ALABAMA, ET AL.,
*Appellants,*
v.
BOBBY SINGLETON, ET AL.,
*Appellees.*

◆

On Appeal from the United States District Court
for the Northern District of Alabama

## MOTION TO EXPEDITE CONSIDERATION OF JURISDICTIONAL STATEMENT AND OF THIS MOTION

Pursuant to Supreme Court Rule 21, Secretary Wes Allen, in his official capacity as the Alabama Secretary of State, and Senator Steve Livingston and Representative Chris Pringle, in their official capacities as Senate Chair and House Chair of the Alabama Permanent Legislative Committee on Reapportionment (the "Movants"), respectfully move for expedited consideration of their jurisdictional statements in *Allen v. Singleton* (No. 25-273) and *Allen v. Milligan* (No. 25-274) and their petition for a writ of certiorari before judgment in *Allen v. Caster* (No. 25-243) in light of this Court's decision in *Louisiana v. Callais* (No. 24-109). Expedited consideration is necessary to afford Alabama the same opportunity as other States to use a lawfully enacted congressional map free of an injunction that cannot be reconciled with Section 2 of the Voting Rights Act "as properly construed." *Callais*, Slip Op. 3.

Following this Court's decision in *Allen v. Milligan*, 599 U.S. 1 (2023), upholding the district court's preliminary injunction of Alabama's 2021 congressional map,

the Alabama Legislature enacted a new map in 2023. The 2023 map endeavored to fix the problems the Court identified in *Allen* by keeping the Black Belt together "to the fullest extent possible" by placing the 18 core counties in two districts and a unified Montgomery County. *Milligan*.App.545-46. The map also achieved the Legislature's long-held policy goal of keeping the two counties at the Gulf Coast together given their "long history and unique interests." *Id.*

After the 2023 map was enacted, plaintiffs below moved to enjoin the new map, arguing that Section 2 required Alabama to split the Gulf Coast community of interest by segregating Mobile County so that Mobile's black voters could be combined with black voters in the Black Belt to form a second majority-black district. *Milligan*.App.340. All parties agreed that it was not possible to draw a map with two majority-black districts without splitting Mobile County. *Id.*

The district court enjoined the 2023 plan anyway and imposed a court-drawn plan with a second majority-minority district—all the while admitting that requiring such a second district would mean the Legislature could not achieve its "political goals," "particularly the goal of keeping Mobile and Baldwin Counties whole and together in one congressional district." *Milligan*.App.514.

That ruling cannot be reconciled with *Callais*. Contrary to this Court's clear direction that "if a §2 plaintiff cannot disentangle race from the State's race-neutral considerations, including politics, then §2 cannot impose liability," Slip Op. 26, the district court relieved plaintiffs of that burden, reasoning that "[u]nder controlling precedent, th[e] [*Gingle*] preconditions do not require that we fully disentangle party

2

and race," *Milligan*.App.372. And given that the district court's equal protection ruling was based entirely on Alabama's position that Section 2 did *not* require it to enact a map with two majority-black districts, that aspect of the court's ruling cannot survive *Callais*, either.

Accordingly, Movants respectfully ask the Court to expedite consideration of their pending jurisdictional statements in *Singleton* and *Milligan* and their petition for a writ of certiorari before judgment in *Caster*, vacate the injunctions and judgments below in light of this Court's decision in *Callais*, remand the cases to the district court, and immediately issue its judgments.

Respectfully submitted,

Michael P. Taunton
Riley Kate Lancaster
BALCH & BINGHAM LLP
1901 Sixth Ave. N., Ste. 1500
Birmingham, AL 35203

*Counsel for Sen. Livingston
and Rep. Pringle*

Steve Marshall
  *Alabama Attorney General*
A. Barrett Bowdre
  *Solicitor General
    Counsel of Record*
Robert M. Overing
  *Principal Deputy Solicitor General*
James W. Davis
  *Deputy Attorney General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Ave.
Montgomery, AL 36130
(334) 242-7300
barrett.bowdre@AlabamaAG.gov

*Counsel for Secretary of State Wes Allen*

APRIL 30, 2026

3