FILED

2026 May-07  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BOBBY SINGLETON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-01291-AMM |
| | ) | |
| WES ALLEN, in his official | ) | THREE-JUDGE COURT |
| capacity as Alabama Secretary of State, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY

The Defendants fail to meet the requirements for a stay, much less an "emergency" one. They ignore the possibility that the Supreme Court may not vacate this Court's injunction, and they conflate the likelihood of vacatur with the likelihood of success on the merits. They ignore evidence showing that Defendants would be *unlikely* to succeed on the merits, even after *Callais*, and they fail to address the Plaintiffs' separate constitutional claim. Moreover, the stay they propose would paint this Court into a corner, possibly preventing it from granting relief even if it ultimately decides against the Defendants on the merits. The Defendants' gambit should be rejected.

1

## BACKGROUND

On April 29, the Supreme Court issued its decision in *Louisiana v. Callais*, which answered a specific question: "whether compliance with the Voting Rights Act can indeed provide a compelling reason for race-based districting." Slip Op. at 2; 2026 WL 1153054 at \*1. In doing so, the Supreme Court reiterated that it was not disturbing its holding in *Allen v. Milligan*, 599 U.S. 1 (2023), which affirmed this Court's decision that Alabama's 2021 congressional districting plan likely violated the Voting Rights Act. *Callais*, Slip Op. at 31–32. This Court's decision also ordered a remedy: "a congressional redistricting plan that includes either an additional majority-Black congressional district, or an additional district in which Black voters otherwise have an opportunity to elect a representative of their choice." *Singleton v. Merrill*, 582 F. Supp. 924, 936 (N.D. Ala. 2022) (three-judge court). Although the Secretary has falsely represented to the Supreme Court that this Court's order required Alabama to "form a majority-Black district" or use a "race-based plan," *Allen v. Singleton*, No. 25-273, Jurisdictional Statement at i, this Court well knows that (1) an additional opportunity district drawn without respect to race would have satisfied the Court's order, (2) in 2023 the Legislature rejected race-blind plans that would have created an additional opportunity district, and (3) the Court's remedial plan was drawn without regard to race. Because this Court neither required nor imposed race-based districting, *Callais* has no relevance to its holding that

Alabama's 2023 plan failed to comply with the remedial requirements it set out and the Supreme Court affirmed.

Nevertheless, the Secretary has asked the Supreme Court to expedite its consideration of the jurisdictional statement, based on a false assertion that this Court "imposed a court-drawn plan with a second majority-minority district," among other misrepresentations of the record. *Allen v. Singleton*, Motion to Expedite at 2; *see also id.*, Opposition to Motion to Expedite at 2–4 (explaining the Secretary's false statements). Meanwhile, the Alabama Legislature has taken up a bill that would reimpose the 2023 plan if "a federal court, by issuing a judgment or by vacating an injunction, permits the reinstatement of the [2023 plan] to be used in the 2026 General Election." HB1 § 1(b) (introduced May 4, 2026). If a stay is granted, the May 19 congressional primary election would be canceled or nullified unless federal court action comes too late to hold another primary. *Id.* § 1(c), (d).

## ARGUMENT

The Defendants' argument begins with wholesale confusion about the phrase "likelihood of success on the merits." The Defendants are likely to succeed on the merits, they claim, because *Callais* will likely require vacatur of the Court's opinion. This is a non sequitur. Even if the Supreme Court vacates this Court's decision and remands for further consideration, that is not a decision on the merits. *Wellons v. Hall*, 558 U.S. 220, 225–26 (2010). Whether the Defendants are likely to succeed on

the merits depends on the analysis this Court would perform after remand, and the Defendants say nothing at all about what this Court would likely do.

In any event, the Defendants would be exceedingly unlikely to succeed on the merits if this case were remanded in light of *Callais*. To begin, the posture of this case was completely different; this Court had already held that Section 2 of the Voting Rights Act required a second opportunity district, and the Supreme Court had affirmed that holding. Therefore, when the Legislature rejected plans that would have created a second opportunity district, including plans that were drawn without respect to race, it undisputedly failed to remedy a Section 2 violation. Even if the 2023 plan could be viewed in a vacuum (stripped of the context of the unlawful 2021 plan), this Court cited the types of evidence that *Callais* would require of plaintiffs; for example, it disentangled race from politics and "reject[ed] the State's assertion that partisan goals rather than racial animus motivated the 2023 Plan." *Singleton v. Allen*, 782 F. Supp. 3d 1092, 1354 (N.D. Ala. 2025). It cited one Defendants' expert's published work as telling the "story[] that race remains the dominant political influence in Southern politics today," *id.* at 1290, and it noted that another of the Defendants' experts "conceded that [the Caster Plaintiffs' expert's] ecological inference analysis showed that White voters in Alabama support White Democrats more than they support Black Democrats," *id.* at 1249 (internal quotation marks

4

omitted). The Defendants fail to show that this Court would likely find in their favor on remand.

Moreover, this Court held that the 2023 plan, which pointedly failed to remedy the violation of Section 2, amounted to intentional discrimination in violation of the Fourteenth Amendment. The Defendants do not explain why this holding would be affected by *Callais* on remand. Without even offering a reason why they would prevail on the constitutional claim, the Defendants can hardly maintain that they are likely to prevail on the merits.

Merits aside, the equities strongly weigh against a stay. The Defendants are not shy about the fact that a stay would result in the cancellation or nullification of an election—an extraordinary result.[1] A stay raises the prospect of chaos as well: if the 2023 plan is reimposed, and then this Court holds that the 2023 plan was still unlawful, what then? In 2022, the Defendants successfully obtained a stay of this Court's preliminary injunction from the Supreme Court, citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006). That year, Alabamians voted in congressional districts this Court (and later the Supreme Court) held to be unlawful. Likewise, if this Court ultimately determines that the 2023 plan was unlawful (as seems likely), it may be too late to

---

[1] The upcoming congressional primary elections in Louisiana have been suspended, but the congressional districts in those elections had been held unlawful in *Callais*. Alabama's court-ordered remedial plan has never been found unlawful, unlike the 2023 plan with which Alabama intends to replace it.

run a primary election with lawful districts. The way to eliminate the "emergency"

the Defendants cite is to deny the Motion to Stay.

Dated: May 7, 2026                              Respectfully submitted,

                                                */s/ U.W. Clemon*
                                                U.W. Clemon
                                                U.W. Clemon, LLC
                                                Renasant Bank Building
                                                2001 Park Place North, Tenth Floor
                                                Birmingham, AL 35203
                                                Tel.: (205) 506-4524
                                                Fax: (205) 538-5500
                                                Email: uwclemon1@gmail.com

                                                */s/ James Uriah Blacksher*
                                                James Uriah Blacksher
                                                825 Linwood Road
                                                Birmingham, AL 35222
                                                Tel: (205) 612-3752
                                                Fax: (866) 845-4395
                                                Email: jublacksher@gmail.com

                                                Joe R. Whatley, Jr.
                                                WHATLEY KALLAS, LLP
                                                2001 Park Place North
                                                1000 Park Place Tower
                                                Birmingham, AL 35203
                                                Tel: (205) 488-1200
                                                Fax: (800) 922-4851
                                                Email: jwhatley@whatleykallas.com

                                                */s/ Henry C. Quillen*
                                                Henry C. Quillen
                                                (admitted *pro hac vice)*
                                                WHATLEY KALLAS, LLP
                                                159 Middle Street, Suite 2C
                                                Portsmouth, NH  03801
                                                Tel: (603) 294-1591

Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Myron Cordell Penn
PENN & SEABORN, LLC
1971 Berry Chase Place
Montgomery, AL 36117
Tel: (334) 219-9771
Email: myronpenn28@hotmail.com

Diandra "Fu" Debrosse Zimmermann
Eli Hare
DICELLO LEVITT LLP
505 20th Street North, Suite 1500
Birmingham, AL 35203
Tel.: (205) 855.5700
Email: fu@dicellolevitt.com
         ehare@dicellolevitt.com

*/s/ J.S. "Chris" Christie*
J.S. "Chris" Christie (ASB-3162-H07J)
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com

**Counsel for Singleton Plaintiffs**

7